DAVID O. BARKER ET UX. *vs.* THE LEWIS STORAGE AND
TRANSFER COMPANY.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The cardinal rule of damages is fair compensation for the loss or injury, and no more.

Ordinarily in cases of conversion the loss or injury is the market value of the property. But the amount recoverable for the conversion of household goods and effects, owned and kept for personal use, is not to be restricted to the price which could be realized from the sale of such articles in the market; the owner should be allowed to recover their value to him based on the actual money loss which, in view of all the circumstances and conditions, results from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it.

Having given this rule to the jury in one portion of his charge, the trial judge afterwards instructed them that the measure of damages was the actual value of the property at the time of the conversion, which was to be determined from the cost of the property, the extent to which it had been used, and its condition at the time of the conversion. *Held* that this statement was altogether misleading and probably injurious, since it selected but three of the many factors which might enter into the determination of the question of fair compensation, and made them the sole and decisive ones, ignoring all others.

The case of *Sanford* v. *Peck*, 63 Conn. 486, distinguished.

Under an allegation that the defendant converted the property in question to his own use and sold the same unlawfully and without authority from the plaintiff, a conversion may be shown by proof either of an unlawful sale or a demand for a return of the goods and a refusal.

Argued June 8th—decided July 14th, 1905.

ACTION to recover damages for the conversion of household goods left with the defendant on storage, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment for the plaintiffs for $1,036, and appeal by the defendant. *Error and new trial granted.*

*Robert L. Munger*, for the appellant (defendant).

*George E. Beers* and *Carl A. Mears*, for the appellees (plaintiffs).

PRENTICE, J.   The plaintiffs delivered to the defendant as a warehouseman for storage certain household furniture and personal effects.   This action was brought to recover damages for their conversion.   Judgment having been rendered for the plaintiffs upon the verdict of a jury, the defendant appealed, assigning various reasons of appeal which, after elimination and consolidation, are in its brief reduced to four claims of error.   The most comprehensive and important of these involves a consideration of the rule for the assessment of damages.

The property in question included, as was claimed, certain family records, pictures, photographs, heirlooms and other articles of peculiar value to the plaintiffs.   With respect to these articles the court gave instructions in the language of *Green* v. *Boston & L. R. Co.*, 128 Mass. 221, of which no complaint is made.

The remaining property was household furniture and effects, including books, all claimed to have been purchased by or presented to the plaintiffs when new for use by them in housekeeping, and in fact so used by them in their home in New Haven until the time that they were stored with the defendant upon the occasion of their having temporarily broken up housekeeping to go into the country.

The defendant claimed that the measure of the plaintiffs' recovery for these articles was their fair market value at the time and place of conversion, with lawful interest since that date.   It asked the court to so charge, and sought by the introduction of evidence to show that there was a second-hand market for such things in New Haven, and presumably, although no definite offer was made, to follow up that line of inquiry by offering evidence of some sort claimed to show the value of articles of the kind in question in such market.

The court was correct in refusing to instruct the jury as

requested, and in excluding said testimony. The cardinal rule is that a person injured shall receive fair compensation for his loss or injury and no more. *Baldwin* v. *Porter,* 12 Conn. 473. Commonly in cases of conversion the loss is the value of the property. *Baldwin* v. *Porter, supra.* Commonly the value of the property as representing the owner's loss is its market value, if it have one, since thereby is indicated the cost of replacing. Hence the subordinate rule of general application appealed to by the defendant. But the principal rule, which seeks to give fair compensation for the loss, is the paramount one, and ordinarily when the subordinate one fails to accomplish the desired result it yields to an exception or modification. 1 Suth. on Dam. (3d Ed.), § 12. It is now generally recognized that wearing apparel in use, and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. So it has been frequently, and we think correctly, held that the amount of his recovery in the event of conversion ought not to be restricted to the price which could be realized by a sale in the market, but he should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it. *Denver, S. P. & P. R. Co.* v. *Frame,* 6 Colo. 382, 385 ; *McMahon* v. *Dubuque,.* 107 Ia. 62 ; *International & G. N. Ry. Co.* v. *Nicholson,* 61 Tex. 550, 553 ; *Fairfax* v. *New York C. & H. R. R. Co.,* 73 N. Y. 167 ; *Sell* v. *Ward,* 81 Ill. App. 675 ; 2 Joyce on Dam., § 1037 ; 4 Suth. on Dam., § 1117 ; 1 Sedg. on Dam. (8th Ed.), § 251.

The court in one portion of its charge stated this rule to the jury in substance, in so far at least as was required by any claim on the part of the plaintiffs. In another place, however, it was less careful in its language, and while doubtless intending to express the same principle elsewhere

stated, it used the following language : " The measure of damages in this case, gentlemen, relates to the actual value of the property at the time of its conversion ; and that is to be determined from the cost of the property, the extent to which it has been used, and its condition at the time of its conversion."

This was an altogether misleading statement. It selected three of the many factors which might enter into the consideration of the question of fair compensation, made them the sole and decisive ones, and ignored all others. Under such instructions a jury might well go far astray, and we are unable to say from a study of the charge as a whole that the error here committed was elsewhere corrected, so that the jury approached the inquiry as to the amount of damages to be awarded with a correct understanding of the law.

The case of *Sanford* v. *Peck*, 63 Conn. 486, is relied upon by the defendant as supporting its contention that the market value furnishes the measure of recovery in cases of this character. The question here made was not presented or passed upon in that case. The plaintiff claimed to recover the market value, and his right to do so was conceded. The question adjudicated was one as to the admissibility of certain evidence as probative of the market value.

The complaint alleges that the defendant converted the property in question to its own use and sold the same without authority from the plaintiffs and unlawfully. The defendant contends that the plaintiffs by this averment restricted their right to prove a conversion to one by sale, and complains of the instructions of the court to the effect that one might be established by proof of either an unlawful sale or a demand for a return and a refusal. The instructions were correct.

As a new trial must be granted, the remaining complaints of error do not require attention.

There is error and a new trial is granted.

In this opinion the other judges concurred.