GALVESTON, H. & S. A. RY. CO. v. WALLRAVEN.

(Court of Civil Appeals of Texas. San Antonio. Oct. 22, 1913.)

1. DAMAGES (§ 113*)—MEASURE—INJURIES TO PERSONAL PROPERTY.

The measure of damages for injuries to secondhand household goods and wearing apparel is the difference in their actual value just prior to and just after the injury, and not the difference in the market value of similar goods at secondhand stores at or nearest their destination.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

2. DAMAGES (§ 174*)—INJURIES TO PERSONAL PROPERTY—VALUE.

In an action for injuries to secondhand personal property, evidence of the original cost of the property in the market, the manner, time, and place of its use, its appearance before and after the injury, and its relative usefulness and physical condition is competent.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 462–467; Dec. Dig. § 174.*]

3. EVIDENCE (§ 142*)—INJURIES TO PERSONAL PROPERTY.

In an action for damages to secondhand household goods and wearing apparel, evidence as to the difference in the market value of similar goods before and after the injury is inadmissible, unless it be shown that the difference in the market value and the difference in the actual value is the same.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 416–423; Dec. Dig. § 142.*]

4. DAMAGES (§ 113*)—MEASURE—INJURIES TO PERSONAL PROPERTY.

Where secondhand household furniture and wearing apparel is wholly destroyed, a proper method of arriving at their value at the time of the loss is to take into consideration the cost of the articles, the extent of their use, whether worn or out of date, their condition at the time, etc., and from these and other pertinent facts to determine the present value.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Action by Willie Wallraven against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and W. T. Armstrong and Wm. B. Lockhart, both of Galveston, for appellant. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellee.

TALIAFERRO, J. This was an action by Willie Wallraven, appellee, against the Galveston, Harrisburg & San Antonio Railway Company, appellant, to recover $530 damages to a shipment of secondhand household goods, furniture, and wearing apparel, shipped by appellee over the appellant's line of railroad from San Leon to Galveston, in the county of Galveston, Tex. The case was tried in the county court without a jury, and resulted in a judgment for appellee for the sum of $430.

Appellant contends that under the pleadings of appellee the evidence was not sufficient to sustain the judgment, and this contention must be sustained. In her original petition, appellee alleged that at the time the goods were delivered to appellant, on February 9, 1912, they were in good condition, ready for shipment, but that appellant's agent left the goods exposed upon the depot platform without covering, protection, or shelter for a period of more than three weeks before they were shipped, and that during that time they were rained upon, and were wet and damaged by such exposure, and that the goods were not received by her at Galveston until March 1, 1912. Appellant's negligence was alleged to be its failure to promptly ship the goods, and its failure to properly cover and protect them prior to shipment. Although the court overruled all of the appellant's exceptions to the petition, the court permitted appellee to file what was termed her first supplemental petition, in which the allegation that the goods were left upon the appellant's platform exposed to the rain was abandoned, and she alleged that the goods were loaded by the station agent into an old, worn-ont and discarded box car, which was being used by appellant at the station of San Leon as a warehouse; that the said box car was not properly pro-

tected, covered, or inclosed so as to prevent the rain from falling into and upon her goods and damaging them as described; that appellant allowed said goods to remain in the old box car for three weeks before forwarding them to Galveston, during which time they became mildewed, rotted, and damaged to the extent described. No allegation was made to show what damage, if any, would have been suffered by appellee from the mere delay of her goods if they had not been wet. The only allegation and proof of damages is based upon the injury resulting from the goods having been allowed to get wet. Appellant contends that the proof is not sufficient to show that the goods were exposed to the rain and weather by reason of its negligence. We have very carefully examined the record, and have reached the conclusion that appellant's position upon this point is well taken. It is not denied that a part of the goods were exposed to a very hard rain while being hauled to the station in the care of appellee's own agent, and that they became very wet. There is no evidence of the slightest probative force which goes to establish the fact that the goods were exposed to the rain while in appellant's custody. On the contrary, the evidence contained in the record must necessarily lead the unbiased mind to the conclusion that no rain was permitted to fall upon them while they were in the box car warehouse. In view of the reversal of the case, we will not discuss the evidence.

[1-3] By its seventh assignment of error appellant contends that the judgment of the court is unsupported by the evidence, because the testimony was incompetent to establish the damages complained of by appellee. The rule is now well settled in Texas that the measure of damages for damage to secondhand household goods and wearing apparel is the difference in their actual value just prior to and just after the injury, and not the difference in the market value of similar goods at secondhand stores at or nearest their destination. And it seems that it is not necessary to allege or prove that such goods have no market value to predicate proof of actual value. Wells Fargo Express Co. v. Williams, 71 S. W. 314; Benedict v. C., R. I & P. Ry. Co., 91 S. W. 811; I. & G. N. Ry. Co. v. Nicholson, 61 Tex. 550; Railway Co. v. Smythe, 55 Tex. Civ. App. 557, 119 S. W. 895. In such a case all such pertinent facts and circumstances as will place before the jury material data which will enable them to reach a fair valuation or estimate of the plaintiff's damage are admissible in evidence. The original cost in the market and the manner and time and place of its use, the appearance before and after the alleged injury, and the relative usefulness and physical condition may be offered in evidence to show the damage. It is obvious that the difference in the market value before and after the injury may be also the difference in the actual value; but it is equally obvious that it is not necessarily so, and, to justify proof of the difference in the market value as the measure of damage in such a case, the proof must also show that such was the difference in the actual value. Since this case is to be reversed, and in view of a new trial, we will say that we think the difference was insufficient to establish the actual value. An effort was made to show value by testimony as to the market value of such goods. As has been stated, the damages to such goods cannot be established by that character of evidence. There is a decided difference between the proof of what the particular goods cost in the market and the value of similar goods in the open market.

[4] In this case some of the goods were wholly lost or destroyed, and some were only damaged. The rule of the measure of damages is quite different in the two instances. The rule that governs when goods are only damaged has already been stated. Where the goods are wholly destroyed, "a proper method of arriving at their value at the time of the loss is to take into consideration the cost of the articles, the extent of their use, whether worn or out of date, their condition at the time," etc., and from these facts and such other facts as were pertinent to determine the present value. Wells Fargo Express Co. v. Williams, supra, and cases there cited. Appellee's testimony was not competent to establish the measure of damages under either of the above rules.

Appellant's eighth and ninth assignments attack the judgment as excessive. Upon these assignments we think it improper to pass.

The twelfth, thirteenth, fourteenth, and fifteenth assignments assail the ruling of the court in admitting the evidence of certain witnesses upon value. In view of what has been said upon this subject, we think it is unnecessary to consider these assignments.

For the reasons above pointed out, the judgment is reversed, and the cause remanded.