## Julia Farrell, Defendant in Error, v. James W. Stafford, Plaintiff in Error.

### Gen. No. 21,204.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 7, 1917. Rehearing denied February 26, 1917.

### Statement of the Case.

Action by Julia Farrell, plaintiff, against James W. Stafford, defendant, to recover damages for conversion of certain goods belonging to plaintiff. From a judgment for plaintiff for $153.50, defendant brings error.

C. VAN ALEN SMITH, for plaintiff in error.

LEO S. LE BOSKY, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. PLEDGES—*when pledged articles may not be sold without disclosing their nature.* A pledgee of goods contained in a barrel, held under an agreement as security for a debt with authority to sell the goods if the debt is not paid at the time specified, is not justified in selling the barrel and its contents at auction without opening it and disclosing what its contents are.

2. TROVER AND CONVERSION, § 39*—*when evidence is sufficient to sustain finding as to value of goods.* Evidence *held* to sustain the finding of the court as to the value of goods, in an action for their conversion.

3. TROVER AND CONVERSION, § 28*—*when tender of debt by pledgor of goods is not condition precedent to maintenance of action for*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*conversion.* An action for the conversion of goods held by the defendant in pledge for a debt and improperly sold by him will lie without the plaintiff tendering in court the amount of the debt.

4. TROVER AND CONVERSION, § 42*—*when finding for plaintiff on trial by court does not imply that punitive damages were allowed.* The inclusion in the finding of the court for the plaintiff in an action for conversion that the defendant "maliciously, wilfully and intentionally, and with intent to injure and defraud the plaintiff" converted the goods does not imply that punitive damages were allowed.

5. TROVER AND CONVERSION, § 51*—*when tender of goods considered in mitigation of damages.* The defendant to an action for conversion has the right to tender in open court the goods which have been converted and have such tender considered in mitigation of damages, but no such question arises where they were tendered as a full settlement of plaintiff's claim.

6. APPEAL AND ERROR, § 1325*—*when presumed that court gave defendant credit for set-off in its finding.* In the absence of any contrary showing, it must be assumed that the defendant was duly credited with a set-off claimed in the finding of the court in an action for damages for the conversion of goods.