[No. 14200. Department One. January 9, 1918.]

FRED KIMBALL et al., Respondents, v. CHARLES E. BETTS et al., Appellants.[1]

TROVER AND CONVERSION—HOUSEHOLD GOODS—MEASURE OF DAMAGES. The measure of damages for the conversion of household goods kept for use and not for sale is their value to the owner, based on the actual money loss under the circumstances; since such goods have no market value.

SAME—HOUSEHOLD GOODS—PLEADING—VALUE. In an action for conversion of household goods kept for use and not for sale, it is not necessary to allege that they have no market value in order to introduce proof of their actual value.

SAME—HOUSEHOLD GOODS—DAMAGES—EVIDENCE. In an action for the conversion of household goods kept for use and not for sale, the amount of the damages may be shown by evidence of their original cost when purchased new, in connection with evidence of the extent of the use and their condition.

SAME—DEFENSES. In an action for the conversion of household goods, evidence of the good or bad faith of the defendants in claiming the goods under void attachment proceedings is irrelevant and immaterial.

APPEAL—REVIEW—EXCESSIVE DAMAGES. A verdict of damages for conversion upon conflicting evidence will not be held excessive, where there was nothing to indicate passion or prejudice.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 19, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for conversion. Affirmed.

[1]Reported in 169 Pac. 849.

*T. W. Hammond,* for appellants.

*Wright, Kelleher & Allen,* for respondents.

MAIN, J.—The purpose of this action was to recover damages for the conversion of household effects which were sold at the instance of the defendants at a forced sale under void process. The cause was tried to the court and a jury, resulting in a verdict for $493.92 in favor of the plaintiffs. A new trial was denied and judgment was entered on the verdict. The defendants appeal.

The facts necessary to an understanding of the questions presented upon the appeal may be summarized as follows: During the year 1912, and for some time prior thereto, the respondents resided on a ranch near Redondo, Washington. During the month of July of that year, the respondent Fred M. Kimball went to Vancouver, B. C., where he secured employment. About two months later his wife, Carrie K. Kimball, preparatory to joining her husband in Vancouver, caused the household furniture and effects to be prepared for shipment by packing and wrapping. These were left in the house in which the respondents had been residing, and Mrs. Kimball departed to join her husband in Vancouver. Some months later Mrs. Kimball returned to Redondo and, after conversing with Charles E. Betts, one of the appellants, concluded to have the furniture and household goods moved to the warehouse of the appellants. At this time the respondents were indebted to the appellants for groceries which had been furnished while the respondents were living near Redondo. Mrs. Kimball, after the goods were stored in the warehouse, returned to Vancouver. Some months later the appellants, not being able to hear from the respondents, and the grocery bill still being unpaid, brought an action, caused an attachment to be levied upon the goods stored in the warehouse, and in due time the goods were sold at public auction, and thereafter the sale was confirmed by judgment of the superior court.

For reasons which it is not here necessary to detail, the sale under the attachment process was void. Upon this appeal there is no controversy over that question. In this action the sole question litigated was the value of the goods which had been attached and sold at the instance of the appellants under the void process.

The first question is: What is the rule by which damages for the conversion of household goods and furniture, kept for use and not for sale, should be measured? The trial court, in effect, instructed the jury that household goods and effects, owned and kept for personal use, did not have a market value by which the actual damage to the owner, sustained by reason of their conversion, could be measured, and that the measure of damage, in case of the conversion of such household goods, was the value to the owner based on his actual money loss, taking into consideration all the circumstances and conditions. The appellants claim that the giving of this instruction was error, and that the correct rule of damages is what the articles would bring if sold to a second-hand dealer when there is a market for second-hand goods. The great weight of authority and, as we think, the better reason, supports the rule embodied in the instruction to the jury given by the trial court. *Aufderheide v. Fulk* (Ind. App.), 112 N. E. 399; *Mathews v. Livingston*, 86 Conn. 263, 85 Atl. 529, Ann. Cas. 1914A 195; *Barbrick v. White Sewing Mach. Co.*, 180 Mich. 535, 147 N. W. 493; *Head v. Becklenberg*, 116 Ill. App. 576; *Denver, S. P. & P. R. R. Co. v. Frame*, 6 Colo. 382; *Barker v. Lewis Storage & Transfer Co.*, 78 Conn. 198, 61 Atl. 363.

In the case first above cited, a considerable number of authorities which support the rule, in addition to those here cited, are assembled.

In the case last cited it is said:

"It is now generally recognized that wearing apparel in use, and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a

market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. So it has been frequently, and we think correctly, held that the amount of his recovery in the event of conversion ought not to be restricted to the price which could be realized by a sale in the market, but he should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it."

The instruction given by the trial court was almost if not in the exact language of the excerpt just quoted, and we think was a correct statement of the rule by which the damages should be measured. It is true that there are a few cases which hold that the question whether there is a second-hand market value for used goods is a question of fact to be submitted to the jury, and if there is such a market value it becomes the rule by which the damages are measured. It seems obvious, however, that the second-hand market value, if there be such, would not compensate the owner of goods which had been wrongfully converted for the loss which he had sustained.

Where household goods, kept for use and not for sale, have been wrongfully converted, it is not necessary to allege and prove that such goods have no market value as a condition precedent to the right to introduce proof of actual value.

In *Galveston, H. & S. A. R. Co. v. Wallraven* (Tex. Civ. App.), 160 S. W. 116, it was said upon this question:

"The rule is now well settled in Texas that the measure of damages for damage to second-hand household goods and wearing apparel is the difference in their actual value just prior to and just after the injury, and not the difference in the market value of similar goods at second-hand stores at or nearest their destination. And it seems that it is not necessary to allege or prove that such goods have no market value to predicate proof of actual value."

Upon the trial, the respondents were permitted to show the original cost of the goods to them when purchased new,

and upon this ruling error is assigned. In addition to the original cost, the evidence showed the extent and character of the use, the condition of the articles, etc. The cost alone would not be a correct measure for the value at the time of the conversion, but that, when taken into consideration with the length of time the goods had been used, the character of the use and the condition of the articles, etc., was proper to be shown. The jury, in determining the value, would take into consideration this evidence, together with all the other evidence in the case. *Kates Transfer & Warehouse Co. v. Klassen*, 6 Ala. App. 301, 59 South. 355; *Wall v. Platt*, 169 Mass. 398, 48 N. E. 270; *Wells Fargo Express Co. v. Williams* (Tex.), 71 S. W. 314.

In the case last cited, speaking upon the method by which damages to furniture and household effects not kept for sale may be established, it was said:

"When goods of this character are destroyed, a proper method of arriving at their value at the time of loss is to take into consideration the cost of the articles, the extent of their use, whether worn or out of date, their condition at the time, etc., and for them to determine what they were fairly worth. The cost alone would not be the correct criterion for the present value, but it would be difficult to estimate the value of such goods, except by reference to the former price in connection with wear, depreciation, change of style, and present condition."

Error is also predicated upon the refusal of the trial court to give an instruction requested by the appellants to the effect that there was no evidence that they were guilty of bad faith or of any desire to oppress the respondents in causing the sale of the property by attachment, and that the jury was not to take into consideration any sense of wrong or humiliation which the respondents may have suffered in consequence of the sale. Whether the latter part of the instruction was proper to be given, it is not necessary to determine; it being coupled with the former part, that relating

to good faith was properly refused. The good or bad faith of the appellants here (the plaintiffs in the attachment suit) was not relevant or material to any issue in the case. 6 C. J., p. 512, § 1226; *Anvil Gold Min. Co. v. Hoxsie*, 125 Fed. 724.

Another assignment of error is that the damages awarded by the jury are excessive. The evidence offered by the respondents was sufficient to sustain the amount of the verdict. The evidence offered by the appellants, if accepted by the jury, would establish the value at a much less sum. There is nothing in the case that would indicate that the jury was actuated by passion or prejudice in arriving at the verdict.

Two or three other questions are discussed in the briefs, and while these have been considered, it would unnecessarily extend this opinion to discuss them in detail. It is sufficient to say that, in our opinion, in none of them is there substantial merit.

The judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.