Argued January 29, affirmed February 26, 1929.

IDA PATTERSON ET AL. *v.* BABCOCK & PEETS.

(274 Pac. 903.)

For appellant there was a brief over the name of *Messrs. Crum, Murdock & Dusenbery* with an oral argument by *Mr. Verne Dusenbery.*

For respondents there was a brief over the name of *Messrs. Ridgway, Johnson & Montgomery* with an oral argument by *Mr. O. E. Immel.*

BEAN, J.—The facts of the case are substantially as follows: Plaintiffs resided at Eugene, Oregon. The defendant, a corporation, is engaged in the business of making and selling new furniture and repairing, refinishing and reupholstering old furniture, in the City of Portland. The plaintiffs shipped a sofa and four chairs of Victorian design by express from Eugene to Portland, consigned to the defendant, pursuant to an express contract between the parties, whereby the defendant agreed to repair, refinish and reupholster the furniture and return it to plaintiffs upon a certain date.

Plaintiffs allege that the defendants failed to return the furniture, but instead substituted other furniture of inferior quality and converted plaintiffs' furniture to its own use to plaintiffs' damage in the sum of $1,000. The defendant by its answer, admitted the making of the contract, alleged that said contract had been fully performed by the defendant and that the furniture received was returned to the plaintiffs, and by way of counterclaim demanded judgment against plaintiffs for the amount due under the contract.

1. Upon the trial of the action the greater portion of the evidence was directed to the question of whether or not the furniture, which was repaired, refinished, reupholstered and shipped to the plaintiffs, was the same furniture which the plaintiffs had delivered to the express company at Eugene and consigned to the defendant at Portland. There was a conflict of testimony in regard to this question which is foreclosed by the verdict of the jury, and needs no further comment.

2, 3. The defendant claims an error of the court in denying defendant's motion to require the plaintiff to elect whether they would prosecute the action for the breach of the contract alleged in the complaint, or as an action for the conversion of the property therein described.

The case was tried upon the theory that it was an action for the conversion of personal property. In no event was there any room for surprise or misleading defendant. The contract between the plaintiffs and defendant to rejuvenate the furniture and return the same to Eugene, was involved in the matter of conversion. If the defendant did not breach the contract there was no conversion. A ruling on the motion in defendant's favor would practically eliminate a portion of plaintiffs' case.

A motion to elect is addressed to the sound discretion of the trial court and will not be disturbed unless an abuse of discretion appears: *Harvey* v. *Southern Pac. Co.,* 46 Or. 505, 512 (80 Pac. 1061); *Johnson* v. *Homestead Iron Dyke Mines Co.,* 98 Or. 318, 324 (193 Pac. 1036). We think the motion was properly denied. At least there was no abuse of discretion in the matter.

4, 5. Upon a question of value, Alta M. Bogard, a witness for plaintiffs, who resides at Eugene, and who had been acquainted with the furniture in question for a long time, was permitted to testify over defendant's objection as to her qualifications, that the plaintiffs' furniture was worth at least $1,000. After Mrs. Bogard had been cross-examined the defendant moved to strike her testimony, as to the value, on the ground that she was not qualified to give such testi-

mony, but the motion was denied. These rulings are assigned as error by the defendant.

This is the main legal question raised by defendant. Mrs. Bogard testified to the effect that she was acquainted with the value of such furniture; that she had known the furniture of the plaintiffs for a long time and had seen it often; that she had taken an interest in American furniture of the Victorian period for about thirty years; that she had been engaged in collecting antiques, or period furniture for the museum at Washington and had familiarized herself with such furniture and the price thereof in the shops in different cities of the United States and other countries.

We think she was a competent witness to testify as to the value of plaintiffs' furniture, both on account of her familiarity with the particular furniture and with the market value. The weight of her testimony was a question for the jury.

Where the property in controversy has no market value, other evidence must necessarily be resorted to to prove its value, and it has been considered that where goods are kept for use and not for sale, their actual value may be shown without first showing that they have no market value: 22 C. J., p. 182, § 133. Where an article has no market value the jury may consider what would have contributed to make the market price if there had been one. The condition of the property as it existed near the time embraced in the issue, the actual elements of its value and the uses to which it is naturally adapted may be laid before the jury, although the purpose for which goods are to be used is not ordinarily the best test of their value: 22 C. J., p. 182, § 134.

6. One criterion of damage in such cases may be the actual value to the owner, and this is the rule where it is chiefly or exclusively valuable to him. Such articles as family pictures, plates and heirlooms should be valued with reasonable consideration of and sympathy with the feelings of the owner: 4 Sutherland on Damages, p. 4180, § 1099. No hard-and-fast rule can be laid down as to the qualifications of a witness to testify regarding values, and although the witness may avail himself of many sources of information, he must have knowledge of the subject and of the market value if there is one at the place in question: 2 Jones on Evidence, p. 960, § 387.

*Kimball* v. *Betts,* 99 Wash. 348 (169 Pac. 849), was a case for the conversion of household goods. It was held that the measure of damages for the conversion of household goods, kept for use and not for sale, was their value to the owner, based on the actual money loss under the circumstances, since such goods have no market value. At page 350 of 99 Wash. (169 Pac. 850), the court quotes from the opinion in the case of *Barker* v. *Lewis Storage & Transfer Co.,* 78 Conn. 198 (61 Atl. 363, 3 Ann. Cas. 889), as follows:

"It is now generally recognized that wearing apparel in use, and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. So it has been frequently, and we think correctly, held that the amount of his recovery in the event of conversion ought not to be restricted to the price which could be realized by a sale in the market, but he should be allowed to recover the value to him based on his

actual money loss, all the circumstances and conditions considered resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it."

The witness for the defendant, who testified in regard to the value of the furniture offered to plaintiffs by defendant, and also as to the value of the furniture described by plaintiffs, qualified in practically the same manner as Mrs. Bogard. Mrs. Bogard, however, was practically the only witness that testified as to the value of a matched set of Victorian furniture of, solid walnut. The witnesses for defendant testified as to the value of Victorian furniture, but not as to a matched set, and plainly stated that a matched set as described by plaintiffs could not be found or obtained in the Portland market.

The testimony of Mr. L. A. Boubel, proprietor of the French Antique Shop in Portland and D. J. Gilmartin, witnesses for defendant, was to the effect that a higher price per chair could be obtained for six chairs of a certain period, than could be obtained per chair for four chairs; that some kinds of old furniture would bring a better price than new on account of its history and lineage.

7. It would hardly seem to be a just rule that the second-hand market value, if there be such, should be applied in compensating the owner for the loss of goods which had been kept in the family for a long time, somewhat in the nature of an heirloom and which had been wrongfully converted. In the present case we think the testimony tended to show the market value as nearly as possible.

Finding no error in the record the judgment of the Circuit Court is affirmed.                    AFFIRMED.

BROWN and BELT, JJ., concur.

ROSSMAN, J., dissents.