[Civ. No. 4220. Third Appellate District.—December 18, 1930.]

LAURA M. MEYERS, Appellant, v. A. I. LASKER et al., Respondents.

Charles A. Sunderlin for Appellant.

Samuel W. Newman for Respondents.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is a suit for conversion of corporation stock. A demurrer to the second amended complaint was sustained without leave to amend. A judgment was thereupon entered from which the plaintiff has appealed.

The second amended complaint alleges that the Lasker Finance Corporation took over the business and assets of the A. I. Lasker Company, a corporation, in October, 1925; that the plaintiff was the owner and holder of 316 shares of the capital stock of the A. I. Lasker Company, of the reasonable market value of $37,500; that, on November 1, 1925, for a valuable consideration the plaintiff executed and delivered to the defendant Rust & Co., her promissory note for the sum of $19,640, payable one year from the date thereof with interest at the rate of seven per cent per annum, payable at maturity; "that on or about the date aforesaid, the plaintiff delivered to the defendants Rust & Co., Nat Cordish, . . . and the Mutual Motors Incorporated of Delaware, . . . with her endorsement, stock certificates for the aforesaid described stock, as collateral security and as a pledge for the payment of plaintiff's promissory note, . . . on the agreement . . . [with said defendants] that the said stock would be held by the aforesaid defendants as collateral and a pledge for the payment of the said promissory note, and as a part thereof, and not otherwise, and that the said stock would not be sold or otherwise disposed of, and would return the said stock to the plaintiff in the event that plaintiff's said promissory note was paid or released. That thereupon and immediately thereafter, and before the said promissory note of the plaintiff was due or payable, and without any demand for payment, and without the knowledge or consent of the plaintiff, the said defendants . . . converted the said

stock and the whole thereof; that the said defendants . . . did thereupon and immediately thereafter sell and deliver the said stock to the defendants A. I. Lasker and the Lasker Finance Corporation with full knowledge and notice by the said defendants A. I. Lasker and the Lasker Finance Corporation of the interest of the plaintiff in and to and ownership of the said stock . . . That the defendants A. I. Lasker and Lasker Finance Corporation were not, and never have been the holders or owners of plaintiff's said promissory note. . . . That the said stock, at the time it was converted by the said defendants, to-wit, on or about the 18th day of December, 1925, was of the reasonable and market value of thirty-seven thousand five hundred ($37,-500.00) dollars.'' Whereupon the plaintiff prays judgment for $17,860, the alleged difference between the value of the stock and the amount due upon her promissory note.

The second amended complaint states a perfectly good cause of action for conversion of the stock. The plaintiff might well have omitted all reference to her assumption that the stock was prematurely sold and applied to the payment of her note and that the holder of the note was entitled to credit for the amount of that instrument. The allegations specifically show that the note was not due at the time of the conversion. In spite of plaintiff's willingness to credit the holder of the note with the amount represented thereby, the complaint, nevertheless, states a good cause of action for conversion.

The respondents confuse this action of trover with one of replevin when they defend the judgment by declaring that the pledgor is bound to make proper tender of payment of the note before she may demand a *return* of the pledge. This is not a suit to recover the possession of the pledge. It is a suit for damages for the wrongful appropriation of the pledge by the pledgees thereof. The debt was not due when the stock was appropriated. It was alleged, however, on information and belief, that a portion of the proceeds from the sale of the stock was applied to the payment of the note in full, and that the note had been returned to the plaintiff fully satisfied. Certainly a tender of the amount of a note which had been fully paid and discharged would not be a condition precedent to the maintenance of a suit in trover.

There is no merit in the respondents' assertion that the complaint does not allege the acts constituting the conversion, or that the stock was sold prior to the maturity of the note. The complaint specifically alleges the wrongful sale of the stock by the pledgees before the maturity of the note. This was a violation of the terms of the pledge, and constituted a conversion of the stock.

Nor is there a defect as to the validity of the pledge merely because the stock was deposited with the payee of the note jointly with other individuals to hold as security for the payment of the debt. Indeed, by consent of the debtor and creditor, the pledge may be placed in the custody of a third person to hold as a trustee to secure the payment of the debt. (Sec. 2993, Civ. Code.) Under such circumstances this trustee is termed a pledge-holder and is in duty bound to enforce the terms of the pledge. (Sec. 2995, Civ. Code; 21 Cal. Jur. 307, sec. 17; *Perry* v. *Parrot*, 135 Cal. 238 [67 Pac. 144].) On principle the same obligation rests upon joint pledge-holders to see that the pledge is fulfilled. The demurrer does not raise the question as to an uncertainty of the relationship of the joint pledge-holders.

We are of the opinion the second amended complaint states a cause of action for conversion and that the court erred in sustaining the demurrer.

The judgment is reversed. The court is directed to overrule the demurrer and permit the defendants to answer.