Argued March 19; affirmed April 21; rehearing denied May 26, 1931

# BARBER *v.* MOTOR INVESTMENT CO.
### (298 P. 216)

*Paul R. Harris,* of Portland (Davis & Harris, C. C. Hall, and E. L. Wilson, all of Portland, on the brief), for appellant.

*Jesse G. Warrington,* of Portland (Thos. R. Mahoney, of Portland, on the brief), for respondent.

BELT, J. This is an action to recover damages for the alleged conversion of household goods and furniture. On December 15, 1927, D. F. Shope executed and delivered to the defendant Motor Investment Company a bill of sale to certain household furniture located in his home at 1396 Wisteria Ave., in the city of Portland. At such time the house was occupied by L. F. Hallett, as lessee, and on the date of the bill of sale, Shope executed another instrument assigning to the defendant all rentals to become due under the lease. Two days later the defendant company, by written instrument, gave to Shope the option to purchase for $1,250 the furniture in question, such right to be exercised on or before December 17, 1928. Shope also, as a part of the above transaction, authorized the defendant to sell his automobile and from the proceeds thereof to apply the sum of $200 on option to repurchase the furniture. It was the contention of the plaintiff that the bill of sale was, in fact, a mortgage given to secure a loan of $1,000 due and payable on December 17, 1928. Plaintiff, to whom had been sold and transferred the interests of Shope in the furniture and rentals under the lease, alleges that on the 15th day of December, 1928, he tendered to the defendant the balance due on such alleged mortgage indebtedness and demanded possession of the household goods and furniture, but that the defendant refused to comply therewith, having already disposed of the property.

Defendant asserts that the bill of sale was not given to secure the payment of any indebtedness, but that it was intended as an absolute sale.

Judgment and verdict were had for the plaintiff in the sum of $4,000. Defendant appeals.

■ If the bill of sale is what it purports to be, plaintiff has no cause of action. If, however, it is a chattel mortgage, defendant is liable in damages, as its sale of the property on April 25, 1929, to the Paul Schatz Furniture Company would, without doubt, constitute a conversion.

■■■ It is well established in this jurisdiction that a bill of sale, absolute on its face, may be shown to be a chattel mortgage: *Zimmerle v. Childers,* 67 Or. 465 (136 P. 349). Parol evidence is admitted, not to alter the terms of the written instrument, but to show the purpose for which it was executed. The various instruments between Shope and the defendant are admittedly part of one and the same transaction and may be considered together in ascertaining the intention of the parties.

■ We cannot agree that there is no evidence tending to show that the bill of sale was, in fact, a chattel mortgage. Defendant did not take possession of the property, but allowed it to remain in the home of Shope until after the real property has been sold upon execution to satisfy a mortgage against it. Mr. C. C. Hall, attorney and general manager of the Investment company, on February 11, 1928, wrote to Shope at Fort Sheridan, Illinois, in part as follows:

"I wish you would write me telling me how you are getting along and what your possibilities are of getting into shape where you can redeem your home and furniture, for the reason that will have considerable to do with how the thing should be handled, as we prefer to handle it to your liking."

It may well.be argued that this letter is inconsistent with the idea of an absolute sale. There are many other facts and circumstances from which the jury might reasonably infer that the money from the Investment company was obtained as a loan, but it would unnecessarily extend this opinion to set them forth in detail. We conclude that there was no error in denying defendant's motion for nonsuit.

 Exception was taken to the following instruction which the court gave relative to the measure of damages:

"It is now generally recognized that household goods and effects owned and kept for personal use are articles which cannot in any fair sense be said to be marketable and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. So it has been frequently permitted jurors to entertain, not exactly the market value of the property but the value of the property as you will ascertain it from the evidence in the case."

The above instruction is substantially the same as that given in *Barker v. Lewis Storage & Transfer Co.*, 78 Conn. 198 (61 Atl. 363, 3 Ann. Cas. 889), which was cited with approval in *Patterson v. Babcock & Peets*, 128 Or. 476 (274 P. 903). In the next paragraph of the court's charge, it was stated:

"If, however, you should find that this property has a market value at the time and place of conversion, that would be the measure of damages."

The general rule is well established that the market value of the property at the time and place of conversion is the proper measure of damages: *Eade et al. v. First National Bank of Condon*, 117 Or. 47 (242 P. 833, 43 A. L. R. 374), citing other cases from this jurisdic-

tion. The rule thus stated, however, is not applicable to the facts in every action for conversion. After all, it is the object of the law to make just compensation to the owner of personal property who has sustained damage by being deprived of its use and benefit. Ordinarily the market value of the property meets the requirement of just compensation. When, however, this general rule runs counter to the cardinal rule of just compensation, it is not to be followed. In the case of household goods and furniture owned and kept for personal use, their market value is not, according to the overwhelming weight of authority, considered fair and just compensation, but the owner is entitled to recover the actual value of the property to him, excluding, of course, any fanciful or sentimental value which he might place upon it. See cases cited in exhaustive note, 63 A. L. R. 240; Ann. Cas. 1917B, 585; L. R. A. 1917D, 495. The mere fact that second-hand furniture has a market value does not preclude full compensation for the damages sustained. Nor would the absence of market value be reason to refuse redress for such injury. It was not a condition precedent to the recovery of the actual value of the furniture converted to show that it had no market value: *Kimball v. Betts,* 99 Wash. 348 (169 P. 849); *Galveston, H & S. A. Ry. Co. v. Wallraven,* (Tex.), 160 S. W. 116. We appreciate that it is difficult to reconcile what has been said with *Swank v. Elwert,* 55 Or. 487 (105 P. 901), wherein the court, in referring to second-hand furniture used for rooming house purposes, said:

"But if the property has no market value at the time and place of conversion, either because of its limited production, or because it is of such a nature that there can be no general demand for it, and it is more particularly valuable to the owner than any one

else, then it may be estimated with reference to its value to him. * * * Before resort may be had to such method of establishing value, it must be affirmatively shown that there is no market value.''

The more pertinent inquiry is whether damages measured by such standard affords just compensation to the owner wrongfully deprived of his property. For criticism of the reasoning in the Swank case, see what was said by Mr. Justice ROSSMAN in *Moss v. People's California Hydro-Electric Corporation,* 134 Or. 227 (293 P. 606). Nor are we able to reconcile the language of this court in *Backus v. West et al.,* 104 Or. 129 (205 P. 533), wherein the court said:

''The true measure of damages is the reasonable market value of the goods converted, at the time and place of conversion.''

■ It is urged by appellant that the household goods and furniture at time and place of the alleged conversion were not kept for the personal use of Shope, the original owner, or the plaintiff, and that for such reason the general rule for damages in actions for conversion of personal property should apply. This property remained in the home of Shope until it was sold by defendant. It was property which the original owner had purchased for his personal use and benefit. Plaintiff, as assignee, stands in the shoes of Shope and is not limited, in the assessment of damages, to the general rule of market value. The instructions of the court were, indeed, favorable to the defendant who is in no position to complain.

■ Error is predicated upon permitting Shope, in response to the following question: ''State, if you can, approximately the total amount you paid for the furniture,'' to answer, ''From the best of my remem-

brance, I would place it at about $12,000." It is well settled that the·original cost of personal property is some evidence of its value at a subsequent time: *Independent Linen Supply & Steam Laundry Co., Inc., v. Zakrowsky et al.,* 158 N. Y. S. 721; *Kimball v. Betts,* supra; Jones Commentaries on Evidence (2d Ed.), § 704. Also see cases in note, Ann. Cas. 1917B, 586. Nor was error committed in permitting Shope to testify that "The value of this equipment should be at least 75 per cent of the purchase price." As original owner of the property, he was entitled to express his opinion as to its value. The fact that, before any action was pending, he agreed to accept $2,500 for the furniture certainly affected the weight of his opinion, but did not change its character as evidence.

 Defendant complains of the failure of the court to instruct the jury to deduct from the value of the furniture the amount of Shope's indebtedness to it. This instruction was in direct conflict with defendant's theory of an absolute sale and was not pertinent under the pleadings. As stated in *Morgan v. Johns,* 84 Or. 557 (165 P. 369):

"If, indeed, the defendant has wholly made way with the plaintiff's property and is charged with the same in trover the only method by which he can put in the indebtedness as a defense is to plead it in mitigation of damages * * *." Citing *Springer v. Jenkins,* 47 Or. 502 (84 P. 479).

 It was not error to refuse to instruct, in effect, that it was necessary to the maintenance of this action that plaintiff tender to the defendant the amount of Shope's indebtedness. This is not an action to recover possession of the furniture but is one for damages by reason of an alleged conversion of the same. The allega-

tions of the complaint with reference to a tender were not essential to the cause of action: *Meyers v. Lasker et al.* (Cal.), 294 P. 80; *Farrell v. Stafford,* 203 Ill. App. 357; Bancroft Code Practice and Remedies, § 5188.

We see no other assignments of error which merit attention.

It follows that the judgment of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.