Submitted December 20, 2019; restitution award partially vacated, remanded for resentencing, otherwise affirmed May 13, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUSTIN MATTHEW DE VERTEUIL,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR49618; A167645

467 P3d 80

Defendant appeals from a supplemental judgment of restitution entered after he pleaded guilty to driving under the influence of intoxicants and fourth-degree assault. Defendant rear ended the victim's car while the victim was stopped at a red light. The accident caused damage to the victim's car and destroyed items both in and on the car, including an infant car seat and a roof rack, which were several years old. The trial court granted restitution for the car seat and roof rack, awarding the amount the victim had originally paid for those items in new condition. Defendant assigns error to the court's imposition of restitution for the car seat and roof rack, arguing that the correct measure of damages is the market value of the used items at the time of the criminal conduct causing damages. The state contends that the items fall within a limited exception that permits alternative methods of valuation for household furniture or similar household goods. *Held*: The trial court erred in ordering defendant to pay the original purchase price of the car seat and roof rack in new condition. When a defendant has been convicted of a crime that results in the destruction of personal property, the amount of restitution is the reasonable market value of the property at the time and place of the criminal conduct causing the destruction. The limited exception does not apply to the items at issue.

Restitution award partially vacated; remanded for resentencing; otherwise affirmed.

Gregory F. Silver, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Restitution award partially vacated; remanded for resentencing; otherwise affirmed.

**SHORR, J.**

Defendant appeals from a supplemental judgment of restitution entered after he pleaded guilty to driving under the influence of intoxicants (DUII), ORS 813.010, and fourth-degree assault, ORS 163.160. Defendant raises three assignments of error, all assigning error to the trial court's imposition of restitution for damages that the trial court concluded were caused by defendant's crimes. We reject defendant's first assignment of error without written discussion. In his second and third assignments, defendant assigns error to the court's imposition of a restitution award that ordered defendant to pay the retail value that the victim had paid for a new car seat ($109) and roof rack ($200) to replace the victim's existing ones that defendant had damaged. We agree with defendant that the court erred in ordering defendant to pay restitution for the original value of those items in new condition rather than the market value for those now-used items at the time of the criminal conduct causing damages. As a result, we vacate that portion of the restitution award, remand for resentencing for the trial court to reconsider the appropriate award, but otherwise affirm.

The following facts are uncontested. Defendant was driving a vehicle on a public way while under the influence of intoxicants. Defendant drove into the back of MacMillan's car while her car was stopped for a red light. The impact pushed MacMillan's car into the car that was stopped in front of her. The impact caused MacMillan physical injury and also damaged her car such that the insurance company considered the car "totaled." The crash also destroyed items in and on the car, including an infant car seat and a roof rack. MacMillan and her husband had purchased the car seat in new condition for $109 when they had their first child, but the seat was now used and approximately three years old. They also had previously purchased the roof rack in new condition for $224, but the roof rack was now approximately six years old.

Defendant pleaded guilty to DUII and fourth-degree assault. The state sought an award of restitution under ORS 137.106. *See* ORS 137.106(1) (stating that, if the court finds that the victim suffered economic damages, the court "shall"

enter a judgment requiring payment of "the full amount of the victim's economic damages"). At the restitution hearing, defendant objected to, among other things, an award of restitution that compensated MacMillan for the cost of what she had spent on a new car seat and roof rack rather than the value of those now-used items at the time of the damage. The trial court granted restitution for what the victim had spent to purchase those items as new items at the time of purchase, awarding $109 for the car seat and $200 for the roof rack.[1]

Defendant reprises the arguments that he made to the trial court, arguing that the court could not order restitution in the amount of the purchase price of new items when the items that were damaged had been used for several years. As noted above, we agree.

We review a trial court's finding of economic damages to determine if the finding is supported by "any evidence in the record." *State v. Onishchenko*, 249 Or App 470, 477-78, 278 P3d 63, *rev den*, 352 Or 378 (2012) (internal quotation marks omitted). Where, as here, the issue is whether the trial court applied the correct legal test, that is a question of law that we review for legal error. *Id.* at 477 n 3.

Under ORS 137.106(1)(a), "restitution may be awarded when a defendant has been convicted of a crime that results in economic damages and the state has presented evidence of such damages." *State v. Islam*, 359 Or 796, 798, 377 P3d 533 (2016). Here, the dispute is over the amount of damages that the trial court awarded and, in particular, the legal test that the court used to determine that amount.

A trial court shall order restitution "in a specific amount that equals the full amount of the victim's economic damages as determined by the court." ORS 137.106(1)(a). That determination "is informed by principles enunciated in civil cases concerning recoverable economic damages."

---

[1] The trial court appeared to award restitution for what the victim spent on a new roof rack less approximately $20 that the victim testified that she was offered from defendant's insurance company for the rack. The court also awarded restitution for other economic damages that are not at issue on appeal.

*Islam*, 359 Or at 800. Thus, the "economic damages" that may be awarded as restitution are "objectively verifiable out-of-pocket losses that a person could recover against the defendant in a civil action arising out of the defendant's criminal activities." *State v. Herfurth*, 283 Or App 149, 154, 388 P3d 1104 (2016), *rev den*, 361 Or 350 (2017); *see also* ORS 137.103(2) (providing that "[e]conomic damages" "[h]as the meaning given that term in ORS 31.710"); ORS 31.710(2)(a) (defining "economic damages" recoverable in civil actions as "objectively verifiable monetary losses").

Defendant contends that, in civil cases where a plaintiff's property is destroyed, the plaintiff may recover economic damages for conversion. *See Mustola v. Toddy*, 253 Or 658, 663, 456 P2d 1004 (1969) (stating that conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it"). In a conversion action, a plaintiff's economic damages are the reasonable market value of the goods converted at the time and place of conversion plus interest from that point forward. *Islam*, 359 Or at 801; *Hayes Oyster Co. v. Dulcich*, 170 Or App 219, 226, 12 P3d 507 (2000) (stating that the Oregon Supreme Court "has long held that the measure of damages for the conversion of personal property is the reasonable market value of the goods converted at the time and place of conversion" (internal quotation marks and brackets omitted)).

For its part, the state does not contest that the principles of conversion apply and that, at least as a general rule in such cases, a plaintiff may recover the reasonable market value of the goods converted at the time and place of conversion. We initially question whether that is the apt comparison. The more appropriate civil analog in this instance, where defendant crashed into the victim's car while driving under the influence of intoxicants, may be to a negligence case involving the destruction of property. The difference, however, is of no moment because the general rule in conversion, negligence, and other tort claims involving destruction of property is the same: "[W]here property is destroyed, the measure of damages is generally the market value of the property." *PGE v. Taber*, 146 Or App 735, 739, 934 P2d

538, *rev den*, 325 Or 438 (1997). Thus, we conclude that, as a general rule, when a defendant has been convicted of a crime that results in the destruction of personal property, the amount of restitution is the reasonable market value of the property at the time and place of the criminal conduct causing the destruction, plus interest from that time forward.

The state contends, however, that the victim's damages fall within an exception to the general rule in conversion cases that permits alternative methods of valuation when the converted property is household furniture or similar household goods. *Barber v. Motor Investment Co.*, 136 Or 361, 366, 298 P 216 (1931) (applying exception to household furniture). The state contends that such an exception permits a restitution award for the victim's original purchase price for a new car seat and roof rack.

In *Barber*, the Supreme Court held that the trial court properly instructed the jury that it could award damages for the conversion of "household goods and effects owned and kept for personal use" even when they did not have any market value or a value indicative of their real value to the owner. *Id*. at 365. The court stated that, "[i]n the case of household goods and furniture owned and kept for personal use, their market value is not *** considered fair and just compensation, but the owner is entitled to recover the actual value of the property to [the owner]." *Id*. at 366. The court acknowledged that "[o]rdinarily the market value of the property meets the requirement of just compensation." *Id*. The court stated that it would not follow the general rule for awarding market value when it "runs counter to the cardinal rule of just compensation." *Id*.

That last-quoted statement in *Barber*, however, was later expressly limited by the Supreme Court in *Hall v. Work*, 223 Or 347, 362, 354 P2d 837 (1960). In *Hall*, the court followed the general rule in concluding that an automobile's value was determined by its market value at the time and place of conversion with interest added from that date. *Id*. at 357, 362-63. The court recognized the "well established exception used in cases involving goods which are not

ordinarily objects of commerce and have no market value." *Id*. at 361. But the court concluded that it would lead to "an erroneous result" if the exception in *Barber* were "taken out of context and applied to property with a market value," such as an automobile. *Id*. at 362. We also later noted that *Hall* "subsequently limited the reasoning in *Barber* *** to personal effects, such as household furniture" and *Barber*'s reasoning is "limited to situations where fair market value is not equivalent to just compensation for the loss incurred." *Hayes Oyster Co.*, 170 Or App at 227-28.

We conclude that a car seat and roof rack are not similar enough to the household furniture or goods at issue in *Barber* to permit the application of its limited exception to the general rule, which awards the property's market value at the time and place of its destruction. Household furniture and household goods are those used in connection with the household or a domestic establishment. *See Webster's Third New Int'l Dictionary* 1096 (unabridged ed 2002) (defining the adjective "household" as "of or relating to a household" and the noun as "the maintaining of a house," "those who dwell under the same roof and compose a family," "a domestic establishment," and "a social unit comprised of those living together in the same dwelling place"); *Black's Law Dictionary* 838 (11th ed 2019) (defining "household goods" as "[g]oods that are used in connection with a home"). Car seats and roof racks are not goods used in connection with the household but in connection with an automobile. They are not akin to those goods at issue in *Barber* and are somewhat closer to the automobile at issue in *Hall*, which refused to apply the limited exception in *Barber*.

They are also not the type of "personal effects" noted in *Barber* and *Hayes Oyster Co.* where the award of their fair market value would not compensate the victim for her loss. The car seat and roof rack were not personal effects, and the state presented no testimony from the victim that these items had significance such that she would not receive just compensation if she were only awarded their fair market value. No such inference could be drawn from the evidence. Further, the state did not present any evidence in the trial court that the car seat and roof rack had *no* market value at

the relevant time and place.[2] As a result, the state did not establish that an exception to the general rule of market value at the time and place of the destruction of the personal property applied.

In sum, the trial court erred in awarding restitution for the car seat and roof rack based on an alternative method of valuation, namely by incorrectly awarding the original purchase price of the items as new items without any depreciation for their value at the time and place that defendant's criminal conduct destroyed those items.

Restitution award partially vacated; remanded for resentencing; otherwise affirmed.

---

[2] We have previously noted that "a party may always prove that there is no market for property other than personal household goods as a precondition to offering alternative methods of valuation." *Hayes Oyster Co.*, 170 Or App at 228. We recognize the possibility that, unlike many used goods, there may not be a significant market for used infant car seats due to concerns regarding their prior use and safety. As noted, however, the parties did not present evidence regarding the market value for their used car seat.