Submitted August 2, 2019; supplemental judgment vacated in part, remanded for resentencing, otherwise affirmed August 19, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD BOLDS,
aka Donald Lee Bolds,
aka Donald R. Bolds,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR80615; A167828

473 P3d 564

Gregory F. Silver, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Supplemental judgment vacated in part; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Following his conviction for driving under the influence of intoxicants, defendant raises a single assignment of error challenging the method the trial court used in calculating the amount of restitution ordered. The state concedes that error, and we accept that concession.

During the incident underlying defendant's conviction, defendant damaged the victim's vehicle, a 2012 Fiat 500, rendering it "totaled." The victim purchased a 2015 Nissan Leaf as a replacement vehicle for $11,120. At the time of the incident, the Fiat was valued at somewhere between $4,320 to $5,382, and it had a scrap value of $500. The trial court imposed $7,300 in restitution to compensate the victim for the loss of the Fiat.[1] The trial court arrived at that figure by determining—based on its own research—the reasonable market value to be $7,800 for a Nissan Leaf with the same approximate mileage as the one purchased by the victim. After subtracting $500—the scrap value for the Fiat—the court imposed $7,300 in restitution. The trial court also stated that the value of a car goes beyond its monetary value and includes "its transportation value, its reliability, *** [and] the fact that you *** know how the car operates."

We agree with the parties and accept the state's concession that the trial court erred in imposing restitution based on the market value of the replacement vehicle—the Leaf—and not the reasonable market value of the damaged vehicle—the Fiat—at the time of the crash. *See State v. De Verteuil*, 304 Or App 163, 168, 467 P3d 80 (2020) ("[A]s a general rule, when a defendant has been convicted of a crime that results in the destruction of personal property, the amount of restitution is the reasonable market value of the property at the time and place of the criminal conduct causing the destruction, plus interest from that time forward."). To the extent the court believed it could impose restitution in an amount equal to the value of the replacement vehicle because the diminished value of the Fiat would not constitute just compensation, *see Hall v. Work*, 223 Or 347,

---

[1] The trial court also ordered defendant to pay the victim $109.98 to replace two car seats, which is not challenged on appeal.

360-62, 354 P2d 837 (1960) (acknowledging an exception to the general rule for measuring damages when the market value of a good will not provide "'just compensation'" because the "goods *** are not ordinarily objects of commerce and have no market value"), that was error. *See id.* at 362 (concluding that vehicles fall within the general rule for measuring damages because "automobiles have a well established market value"). Therefore, the trial court erred, the restitution award is vacated, and the case is remanded for resentencing. *See State v. Moreno-Hernandez*, 365 Or 175, 190-91, 442 P3d 1092 (2019) ("[W]here we have concluded that the trial court committed legal error [in ordering restitution], and that there may be other permissible options that the trial court could adopt on resentencing, the appropriate disposition is to remand to the trial court for resentencing.").

Supplemental judgment vacated in part; remanded for resentencing; otherwise affirmed.