## MILES v. MAYS.

15 133
10a 246.

1. WHEN BOTH IMMEDIATE EMPLOYER AND·HIS PRINCIPAL MAY BE LIABLE TO A SUB-AGENT.— A sub-agent placing reliance upon and giving credit to his immediate employer may recover from such employer for services rendered, even although the employer's principal might also be liable.

2. WHEN THE LIABILITY OF AN AGENT TO THIRD PARTIES IS A QUESTION FOR THE JURY.— In an action for commissions for procuring a purchaser for land, it was admitted that defendant was the duly-constituted agent of one W. by written power of attorney, and had full power to sell and convey the land. Defendant proceeded in all respects as if the property was his, and the sole responsibility for rejecting the purchaser rested with him. *Held*, that the question of defendant's liability to plaintiff as a sub-agent was for the jury, whose finding in favor of plaintiff would not be disturbed, and that it was immaterial that defendant disclosed his agency, and did not in words assume individual responsibility.

*Appeal from District Court of Arapahoe County.*

Mr. ENOS MILES, for appellant.

Mr. C. A. LOTT, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

Mays, the appellee, brought suit and recovered judgment against Miles, the appellant, for commission earned in procuring a purchaser for certain real estate in the city of Denver. The property in question belonged to Emma C. Whitsitt, for whom Miles acted as agent.

The proof establishes the fact that Mays furnished a purchaser for the premises in accordance with the terms of his contract with Miles. The affirmative testimony of Mays, supplemented by that of Dr. Elsner, the would-be purchaser, and the admissions of Miles, clearly show that Elsner stood ready to take the property at the price and upon the conditions stipulated for by Miles. There would be no justification for our interference with the judgment of the court below, in so far as this particular objection is concerned.

The only serious question to be considered is as to whether the action and recovery can be maintained against Miles alone, his principal, Mrs. Whitsitt, not being a party or bound by the judgment.

The complaint states the cause of action in two separate counts. The second of these is substantially a count at common law for services rendered to defendant at defendant's instance and request, in connection with the sale of the property mentioned. The first count presents a simple and concise statement of facts in accordance with the provisions of the code. Among the averments therein is the following: "That defendant, George T. Miles, was the duly constituted agent of said Whitsitt by written power of attorney, and had full power to sell and convey said lots for the price of $16,500." This averment is not denied in the answer, and therefore must be accepted as true.

Miles was the brother of Mrs. Whitsitt and appeared to have entire control of the property. Mays was employed

by Miles exclusively, having no negotiations whatever with Mrs. Whitsitt touching the transaction. It does not appear that she was at any time consulted, or that her advice or wishes were made known to Mays or otherwise considered. According to the testimony, Miles proceeded in all respects precisely as he would had the property belonged to him. There is nothing in the evidence to show that Mrs. Whitsitt refused or objected to the sale as negotiated by Mays; the sole responsibility for such rejection appears to rest with Miles. It is true he disclosed his agency and the name of his principal; it is also true that he did not *in words* assume individual responsibility for the payment of Mays' commission. But, under all the circumstances, there was sufficient in the record to warrant a submission to the jury of the question as to whether or not Mays' employment was in the nature of a sub-agency, where reliance is placed upon the intermediate agent, the credit being given in whole or in large part to him and not exclusively to his principal. In such cases the rule is that suit may be brought against the immediate employer, even though his principal may sometimes also be liable. Story, Ag. §§ 386, 387. The charge upon this point was certainly as favorable to Miles as the law required. The jury were told, in substance, that if they found from the evidence that Miles *on his own account* employed plaintiff to procure a purchaser for the property, and if, before the property was withdrawn, the latter did secure such purchaser, in accordance with the terms agreed upon, Miles was liable for his commission as provided in the contract.

The jury having weighed the testimony, under proper instructions, and having resolved in plaintiff's favor the question of fact thus submitted to them, their verdict will not be disturbed, and the judgment based thereon is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.