## MITCHELL et al. v. WADSWORTH.

No. 9494—Opinion Filed April 6, 1920.

(Syllabus by the Court.)

1. **Damages — Measure of — Destruction of Personalty.**

The measure of damages for the destruction of personal property is the reasonable market value of same at the time it was destroyed; but, if it has no market value, then its value, in view of the use to which it was to be put, may be recovered.

2 **Appeal and Error—Harmless Error—Instructions—Damage From Fire.**

Plaintiff contended that both defendants participated in setting out the fire from which the damages were sustained; the court instructed the jury to the effect that the verdict should be for the defendants unless it appeared from the evidence that defendants set out the fire or caused it to be set out; the refusal of the court to instruct to the effect that the verdict might be rendered against one defendant alone, held, not prejudicial error, it not appearing from an examination of the entire record such error resulted in a miscarriage of justice.

Error from County Court, Johnston County; C. M. Crowell, Judge.

Action by J. C. Wadsworth against J. A. Mitchell and another for damages sustained by reason of a prairie fire. From judgment for plaintiff, defendants bring error. Affirmed.

Ratliff & Ratliff and J. B. O'Bryan, for plaintiffs in error.

Cornelius Hardy, for defendant in error.

OWEN, C. J. To sustain his cause of action defendant in error offered evidence to the effect that the fire was set out on the premises of plaintiffs in error, from where it spread and burned over the premises owned by defendant in error, destroying his grass and fence posts. (Article 11, ch. 2, Rev. Laws 1910.) He testified that the grass destroyed was worth 20 cents an acre to him for the purpose of grazing his cattle. It is urged this evidence was not competent to prove the market value of the grass, and that its admission was prejudicial error. No proof was offered to show there was any market value for such grass. It was held in W. F. & N. W. R. Co. v. Gant, 56 Okla. 727, 156 Pac. 672, the measure of damages for destruction of personal property is the reasonable market value of the same at the time it was destroyed; but, if it has no market value, then its value, in view of the use to which it was to be put, may be recovered.

Plaintiffs in error requested the court to instruct the jury to the effect that a verdict might be returned against both the defendants or one of them alone. This request was refused, and it is urged the failure to give such instruction was reversible error. Plaintiff's theory of the case was that the fire was set out by Yates Mitchell, under the direction of his father, J. A. Mitchell, and the court instructed the jury to the effect that a verdict could not be returned for plaintiff unless it appeared from a preponderance of evidence that defendants set out the fire or caused it to be set out. Defendants contended that neither of them had anything to do with setting out the fire. It is not contended that the judgment was excessive, and the instructions given fairly presented the case on plaintiff's theory. The requested instruction correctly stated the law, but it does not appear that the refusal of the court to give it probably resulted in a miscarriage of justice. Under the provisions of section 6005, Rev. Laws 1910, the judgment may not be set aside, unless after an examination of the entire record it appears the error complained of probably resulted in a miscarriage of justice.

Judgment of the trial court is affirmed.

RAINEY, HARRISON, PITCHFORD, and JOHNSON, JJ., concur.