FRED B. R. UNGER, complainant,

*v.*

NEWLIN HAINES COMPANY, defendant.

[Decided September 12th, 1923.]

Out of the funds in his hands a receiver will be compensated for his services in such sum as they are fairly and reasonably worth, somewhat apportioned to the amount which he has received and administered; and allowance will be made to the counsel retained by him, for his services to the receiver in relation to the trust; but no allowance can be made to counsel for creditors, or bidders at the receiver's sale, even though the services of such counsel have directly inured to the benefit of the estate; they must look to their clients for their compensation.

On Bill, &c.   On application to confirm receiver's account and for allowances to receiver and counsel.

*Mr. Norman Grey,* receiver, *pro se.*

*Mr. Martin V. Bergen,* for the receiver.

*Mr. Edward C. Waddington,* for the complainant.

*Mr. Carlton Godfrey,* for the sundry stockholders.

*Mr. Edward W. Hunt* (of *Katzenbach & Hunt*), for the sundry stockholders.

*Mr. J. Hector McNeal, pro se,* and for sundry other stockholders.

WALKER, CHANCELLOR.

The receiver of the Newlin Haines Company has presented his second and final account, and it having been audited by expert accountants, and there being no exceptions thereto, it is allowed and will be confirmed.

The only question for decision is as to who are entitled to fees, and how much. Mr. Waddington, who filed the bill, claims compensation out of the estate for services in representing the complainants, his clients, both before and at sundry hearings after the appointment of the receiver during the prosecution of the cause. Mr. Godfrey claims an allowance out of the fund in the hands of the receiver, because his efforts were instrumental in raising the bids for the hotel property from $1,000,000 to $1,463,000, the price at which the hotel property was sold. The financial result of the operation of the St. Charles Hotel, which was conducted by the receiver, shows that he handled a gross income from all sources of $1,010,520.90; that the total disbursements from operation were $917,614.43, leaving a net income of $92,906.47; that the value of the property in his possession and control, and for which he was responsible, was $1,463,000, the price at which the property was sold at the receiver's sale. He now has a balance on hand of $158,678.24, out of which should be reserved such an amount as will be sufficient to protect the receiver against certain claims amounting in all to $21,539.13. He will be directed to retain $23,500, to satisfy so much of the amount as may be adjudged against him. The balance, $135,178.24, after payment of costs and expenses, being available for present distribution. The defendant owned the St. Charles Hotel, a very valuable property, which at all times has been a going concern.

There was considerable litigation in this cause from start to finish. The parties in interest were before the court many times, and several opinions have been filed by me on important questions arising in the cause.

There is a paucity of decisions on the subject of the fees of counsel in receivership proceedings in this state, but I take it that the principle upon which these fees are allowed is settled. I have the advantage of numerous adjudications in the federal courts under the Bankruptcy law, which are analogous and pertinent.

In the first place, it is held that in determining the amount of compensation the value of the estate must be taken into consideration. *In re Ellett, &c., Co., 196 Fed. Rep. 400.* There the doctrine was invoked to keep down the allowance because the estate was small; but the principle works both ways. *In re Hahn, 84 N. J. Eq. 523,* I held that lawyers' services are not based upon, nor restricted to, mere time service; that they are entitled to fees which will adequately compensate them for their services, especially when those services are valuable to their clients; that when recoveries are made their fees may be, and properly are, somewhat apportioned to the avails gotten for their clients. It has also been held in the federal courts that attorneys for mere claimants are not entitled to allowances out of the estate.

*In re Smith, 108 Fed. Rep. 39,* the court said that an examination of the record disclosed the fact that the gentlemen (counsel) at every hearing in the bankruptcy and state courts represented creditors; that there is no provision in the Bankruptcy act authorizing allowance of attorney's fees such as asked out of the bankrupt's estate; that it is said the attorneys have increased the assets of the estate by their professional services; that that appears to be true; but under the act the necessary and actual expenses of the officers only can be paid out of the estate; nor was there anything in the record showing those services were actually and necessarily rendered the estate and trustee; but if increased assets resulted, such an increase was only incidental to a vigorous contention in behalf of creditors, apparently, at least, adverse to the trustee, at considerable increase of cost to all concerned.

It must be a general principle, and the holding (*In re Smith, supra*) is, I take it, declaratory of the law, that there can be no allowance out of the estate except for counsel representing the receiver, who has the possession and is charged with the administration of the estate.

*In re Coventry Evans Furniture Co., 171 Fed. Rep. 673,* the court said (at *p. 675*), that it has been uniform practice to refuse allowances of costs to successful claimants,

even in cases of contest; and the judge did not think it was intended that costs should be awarded, or allowances made, from the estate in such cases; that to once enter on the practice it must be uniform, and in many cases a reasonable allowance would exceed the claim, and in some cases small estates would be eaten up by such allowances.

*In re Munford, 255 Fed. Rep. 108,* the court observed (at *p. 113*) that it is uniformly held, and is in accordance with the plan provided by the act for dealing with such cases, that the allowance is to be confined to services actually rendered in filing the petition and prosecuting it to the adjudication of the bankrupt; that when this is accomplished the estate passes under the jurisdiction and control of the court and its officers; that the interest of the petitioning creditors is merged into that of all of the creditors; and there is neither necessity nor opportunity for the attorney of the petitioning creditor to render actual services to the estate; that the suggestion that the attorneys had been diligent and faithful for nearly two years and largely through their efforts the amount in the hands of the trustees was as large as it was, while true, cannot be taken into consideration in fixing the allowance; that in rendering services after the adjudication and the election of the trustee, counsel were serving their clients, whose claims they held for collection, other creditors employing other counsel.

An exception exists where the attorney for a creditor successfully resists a claim which the trustee refuses to contest. *In re Little River Lumber Co., 101 Fed. Rep. 558.* This is merely mentioned to show the character of exceptions to the rule. There is no such situation here.

*In re Harrison, &c., Co., 95 Fed. Rep. 123* (at *p. 126*), the court found no warrant in any provision of the act for compensating attorneys of petitioning creditors for their services in attending meetings of creditors, and resisting the allowance thereat of other claims against the estate; that they were supposed in such actions to be subserving the interests of their clients, whose dividends in the estate would be augmented in the proportion of the disallowance of other

claims; that each creditor of the estate is interested in seeing meritless claims defeated and preferential claims rejected. And the judge asked: Is the court to allow a fee to the attorney of each objecting and contesting creditor, when the statute expressly provides that one reasonable attorney's fee for professional services actually rendered irrespective of the number of attorneys employed, may be allowed by the court? And the judge also said: It is further claimed by these attorneys, as a basis for their compensation, that they induced several bidders to attend the sale of the property of the bankrupt; that presumptively and naturally enough, interested creditors in the estate would either attend in person, or be represented at such sale, to see that the property be not sacrificed, as they were the especial beneficiaries in the product of the sale; that no provision of the Bankrupt act even hints at an allowance against the estate for such service.

Now, where counsel represents a bidder, not a creditor, and induces his client to bid, he may thereby enhance the price for which the property may be sold, and thereby perform services which will indirectly increase the estate; but his work would be for his client, who hoped to obtain the property at the sale. The principle is the same as that where counsel for creditors induce a bidder to participate in the sale in the expectation that the fund will be increased and their clients incidentally benefited by the enhanced price: But these efforts, not made upon the retainer of the receiver, and not made by counsel acting for him, have no claim upon him for compensation, and they must look to their client for their compensation. No allowance can be made for services rendered to stockholders. *Goodyear T. & R. Co.* v. *United M. C. & S. Co., 89 N. J. Eq. 108.*

Sometimes a receiver has more than one counsel, but there is only one allowance of fee and that is ascertained with reference to the value of the services to the estate, and divided between the counsel represnting the receiver. And this division is only made among counsel actually retained by the receiver and whose services are rendered directly to him and for the benefit of the estate in his hands. If I were

to allow Mr. Godfrey a counsel fee here it could only be by way of participation in the amount adjudged to be reasonable compensation for the receiver's counsel, and the fee would have to come out of Mr. Bergen's allowance. So far as the receiver is concerned, Mr. Godfrey is a mere volunteer. Upon what theory could I toll Mr. Bergen's fee and allow Mr. Godfrey to participate in it, when these counsel were not associated together for the receiver; but Mr. Bergen alone acted for him, and Mr. Godfred was, as I said, so far as the receiver is concerned, a mere volunteer. In this situation, if I were to make an allowance to Mr. Godfrey, it would encourage every lawyer who had a client interested in an estate in the hands of a receiver to apply for an allowance out of the fund upon the theory that his services for his client had benefited the estate. Impossible.

The fact that the federal statute controls the bankruptcy courts in the allowance of fees to counsel is, so far as I can find, a mere embodiment of established principles of law governing such allowances. And the same principles obtain in this state as matter of right and justice, irrespective of statute; and this must be so in the nature of things.

By analogy to the law evolved by the federal courts, Mr. Waddington, representing the complainants, can be compensated only for his services to them in advising that a bill for the appointment of a receiver would lie, and in preparing and filing the bill and securing the appointment of the receiver. Mr. Godfrey, for his services rendered to individual clients, whether creditors or bidders, or both, must look to his clients for his compensation, and can have no award out of the fund in the hands of the receiver, whom he did not represent.

Now, as to the allowances to be made: Mr. Waddington will be awarded a counsel fee of $500 and his taxed costs to and including the appointment of the receiver. The receiver will be awarded the sum of $30,000 as compensation for his services, trouble and risk in operating the hotel, handling approximately $1,000,000, and caring for property

worth approximately $1,500,000. Mr. Bergen, his counsel, will be awarded the sum of $15,000 for his advice and services in representing the receiver in his management of the trust and in the litigation in which he was necessarily involved.

Decree accordingly.