This matter comes before the court for the allowance of counsel fees to various solicitors who have been from time to time connected with this litigation. The requests are as follows:
By Merritt Lane, solicitor for Sarah A. Lembeck and others, $5,000. *Page 156 
By Hudspeth Demarest, solicitors for Catherine I. Lembeck and others, $4,000.
By Perkins Drewin, solicitors for Thomas A. Lembeck, $1,750 and $2,500, the $1,750 being for services rendered in the McArnarney litigation, and the $2,500 for services in the receivership matter.
By D. Eugene Blankenhorn, solicitor for Albert Lembeck, $2,500.
This concern was forced into a receivership — although it was in every way solvent — by the absolute refusal of two of the stockholders, together owning a majority of the stock, to agree on anything whatever.
The matter has been in litigation ever since the appointment of the receivers, nearly three years ago.
All the services rendered by counsel, for which they now ask allowances, have been rendered since the appointment of the receivers. The receivers have counsel of their own eminently qualified to handle all the legal matters arising in connection with the estate, and he has shown himself to be resourceful, practical and diligent. If the solicitors desired to participate in the various litigations on behalf of their respective clients, in my opinion, their respective clients should pay them.
In fact, this matter has been so decided in the case of Unger
v. Newlin Haines Co., 95 N.J. Eq. 16, wherein Chancellor Walker held:
"Out of the funds in his hands a receiver will be compensated for his services in such sum as they are fairly and reasonably worth, somewhat apportioned to the amount which he has received and administered; and allowances will be made to the counsel retained by him, for the services to the receiver in relation to the trust; but no allowance can be made to counsel for creditors, or bidders at the receiver's sale, even though the services of such counsel have directly inured to the benefit of the estate; they must look to their clients for their compensation."
I believe this court should do what can be done to wind up this estate and to discourage further litigation. If it were *Page 157 
only a question between two large stockholders who, for reasons best known to themselves, insisted upon disagreeing when they could be getting together to settle their difficulties in the estate, the situation would be different. It must be borne in mind, however, that there are minority stockholders who are suffering and have suffered from this litigation and whose interest should be protected by the court.
I shall deny the motion for all these counsel fees.