I have read the briefs of counsel in this matter and the opinion of the court of errors and appeals.
The formula for the calculation has been agreed upon between counsel, to wit:
 48 x 15 x H
 ___________ x $600.
 80 x 35 x H

The amount claimed is $6,075 with interest. The refrigerating company says the amount should be $5,072.72.
The first difference of opinion is as to whether the last factor in the calculation should be 31 or 33. The opinion of the court of errors and appeals says, "for the period of time that the ale was in actual storage." In my opinion in this court I held that the first sixty days during which the ale was in storage should not be considered, as permission was given to leave it there during that time. But I cannot now advance my own theory. I am bound by the decision of the *Page 306 
higher court and must make a decree in accordance with its opinion as I see it. The words, "for the period of time that the ale was in actual storage," to my mind clearly indicate that the higher court thought that the cold storage company was entitled to remuneration for the whole time the ale was physically in the building, and I shall so find. I will sign the decree in court on Tuesday, October 22d. Counsel should be ready at that time with exact figures to be inserted with interest up to that date.
The second point raised is as to the allowance of a counsel fee to the solicitor of the cold storage company. Counsel for the receivers insists that no counsel fee should be allowed and cites the cases of Unger v. Newlin Haines Co., 95 N.J. Eq. 16, decided by Chancellor Walker, and In re New Jersey RefrigeratingCo., 99 N.J. Eq. 155, decided by me. The theory of these cases is that counsel for creditors or individual stockholders are not entitled to compensation because the receiver's counsel acts for all the creditors and stockholders and is paid for his services out of the funds of the estate. This is so even if the services of creditors' counsel inure to the benefit of the estate.
However, I know of no rule of law that makes the receivers immune from payment of proper counsel fees in cases brought against them in their official capacity. The ninety-first section of the Chancery act (1 Comp. Stat. p. 445) says: "In any
cause, matter or proceeding in the court of chancery the chancellor may make such allowances by way of counsel fee to the party or parties obtaining the order or decree as shall seem to him to be reasonable and proper * * *."
There can be no doubt that counsel fees would be allowed against the corporation itself in favor of a successful litigant. The receivers represent the corporation and can not only sue in its name but be sued. If they can be sued, it seems to me that they are in the same position, in regard to the costs and counsel fees, as any other defendant. The cases cited by counsel for the refrigerating company apply only to counsel for creditors and stockholders whose interests are the interests of the estate already represented by counsel. *Page 307 
I will allow a fee to counsel for the cold storage company. As to the amount, I believe $1,250 is too high. I think, considering the amount involved and the time spent at the trial before me and in the court of errors and appeals, that $750 is a sufficient sum. That amount may be included in the decree.