D. APPLETON & COMPANY, Respondent, *v.* ZEESE-WILKINSON CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, June 29, 1931.

*Sullivan & Cromwell* [*Walter C. Lundgren* of counsel], for the respondent.

*Holley & Oxenberg* [*S. Joseph Oxenberg* of counsel], for the appellant.

PER CURIAM. While ordinarily the measure of damages for the loss or conversion of personal property is the value of the property at the time of the loss or conversion (*McIntyre* v. *Whitney*, 139 App. Div. 557; affd., 201 N. Y. 526) this rule is not required to be applied as to articles such as those involved herein (plates for illustrating a book published by plaintiff) which are not salable as such. In such cases the actual value of the property to the person injured may be recovered. Proof of replacement cost less depreciation is evidence of such value. (*Barrington* v. *Offenbach*, 163 N. Y. Supp. 423; *Lovell* v. *Shea*, 18 id. 193.) Here, however, there was proof indicating that the plates substituted for those lost were of a different type. Further, there was no proof of the reasonableness of the sums expended and there was no allowance for depreciation of the lost goods. The decision below was correct on the other questions involved in the case.

Judgment reversed and new trial ordered limited solely to the question of plaintiff's damage, with ten dollars costs.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.