JOE HODGES TRANSFER & STORAGE CO. v. KEEFFE.

No. 29923.   May 6, 1941.

*115 P. 2d 251.*

A. E. Montgomery, of Tulsa, for plaintiff in error.

T. Austin Gavin, of Tulsa, for defendant in error.

PER CURIAM. On the 7th day of October, 1938, Mrs. J. T. Keeffe, hereinafter referred to as plaintiff, filed her petition against Joe Hodges Transfer & Storage Company, hereinafter referred to as defendant, alleging that in 1928 she stored a trunk and a barrel of dishes for which she paid $1.50 per month as storage until at a certain date she by agreement paid $12 per year for such storage; that she paid said sums for storage up to and including the month of July, 1938; that on or about the 15th day of July, 1938, she demanded the barrel of dishes and was informed that they were lost. She prayed for damages in the sum of $500, the alleged value of the dishes.

The defendant admits that it sold the barrel of dishes for an alleged delinquent storage fee prior to the date to which storage actually was paid, and further admits that this was by inadvertence and mistake. It does not attempt to excuse such action and raises the issue of value of the property alone. In its answer it alleges a limitation by the contract of bailment, to wit, $25, and, second, it is claimed that there is no evidence to support the verdict and judgment of the court. The first issue, as to the validity of said contract, was not submitted in the trial court and is not presented in the brief. The last issue, as to the value of the property found by the verdict of the jury, was raised by demurrer to the evidence and motion for directed verdict.

A trial to the jury resulted in a verdict for $500, the amount sued for, and judgment being rendered thereon, the appeal is to review the judgment.

Defendant presents fourteen assignments of error in his petition in error. We shall discuss such of these as are presented in the argument in the brief.

It is first urged that the jury was not instructed on the issue of the value of the dishes. The trial court's instruction was to the effect that the jury was to determine the market value of the articles lost if they had a market value; otherwise, to determine the value to the plaintiff. It appears that this instruction was not excepted to as required by law, as no exception was saved thereto under the signature of the judge. Doughty v. Laubach, 172 Okla. 42, 44 P. 2d 105, and related authorities. However, inasmuch as the defendant asserts it is the duty of the court to instruct on the proper issues of the case without a request, we shall discuss this instruction in the second proposition of defendant, which is that the verdict is not sustained by any competent evidence, and therefore the court erred in refusing to sustain the demurrer to the evidence and in refusing the motion for a directed verdict.

The court's instruction was in line with the holding of this court in St. Louis & S. F. R. Co. v. Dunham, 36 Okla. 724, 129 P. 862. Therein it is held:

"In an action for loss of household goods and wearing apparel, which have no market value, where the owner is familiar with the lost articles, has purchased them and used them in his family day after day, and knows the purpose for which they were used, he is competent to testify as to their value to him."

That case has been cited and approved in O. K. Transfer & Storage Co. v. Neill, 59 Okla. 291, 159 P. 272, and Shikany v. Salt Creek Transp. Co., 48 Wyo. 190, 45 P. 2d 645. The latter case contains an exhaustive review of the cases involving a similar rule and dealing with the testimony of a plaintiff who is the owner of household goods, and cites Rutherford v. James, 33 N. M. 440, 270 P. 794, 63 A.L.R. 237, following which latter case is an annotation at page 240. In Barber v. M. I. Co., 136 Ore. 361, 298 P. 216, it is stated that in the case of household goods and furniture owned and kept for personal use, their market value is not, according to the overwhelming weight of authority,

considered fair and just compensation, but the owner is entitled to recover the actual value of the property to him, excluding, of course, any fanciful or sentimental value which he might place upon it. In Barker v. S. A. Lewis Storage & Transfer Co., 78 Conn. 198, 61 Atl. 363, it is stated:

"The measure of damages for the conversion of household goods is not restricted to the price which could be realized by a sale in the market, but is the value to the owner, based on his actual money loss resulting from his being deprived of his property, excluding any sentimental value placed thereon."

See, also, Nunan v. Timberlake, 85 Fed. 2d 407; John Mouat Lumber Co. v. Wilmore, 15 Colo. 135, 25 P. 556; Railroad v. Frame, 6 Colo. 382; Harvey v. Wheeler Transfer & Storage Co., 227 Wis. 36, 277 N. W. 627; Mitchell v. Stephenson, 159 Md. 575, 122 Atl. 114.

The testimony of the plaintiff, as her sole witness, was that the dishes were in many instances gifts of rare quality and value; some in the nature of keepsakes and some irreplaceable. She was permitted to testify further as to the original costs and the circumstances of acquisition, ownership, and related circumstances, and fixed the value of each particular item based on the costs or other circumstances. All this testimony was after objection on the part of the defendant that the evidence should be limited to the market value of the article in question.

Under the above cited cases, if the jury chose to believe the plaintiff, the evidence thoroughly justifies a finding of the value of $500. We therefore hold that it was not error to give the instruction in the case at bar, and we find competent evidence to sustain the verdict, and the court did not err in refusing to sustain a demurrer thereto and in refusing to grant a directed verdict.

The third argument is that the court erred in refusing to submit to the jury the issue of a tender of certain articles which it is claimed by the defendant it obtained from the purchaser who purchased the contents of the barrel. This purchaser operated a flower shop and a greenhouse. The ownership of several of these articles was absolutely disclaimed by the plaintiff, and aside from a serious conflict in the testimony based upon some rather doubtful testimony, there is no proof that all of these articles ever belonged to the plaintiff. The method of proof as to their identity was uncertain at the most and the attempt to prove the value thereof was limited wholly to the market value, which each witness testified would be a fair and reasonable sale value of the particular article to which reference was made during the testimony. At the conclusion of all of the testimony the defendant made what it called a tender of these articles. If it were conceded that all of these articles formerly belonged to the plaintiff, it would have constituted but a small portion of the contents of the barrel. This proceeding is unique. We have examined the case of Mutual Refining Co. v. Union Refining Co., 124 Okla. 286, 255 P. 1015, and can find no reason to assume that it is in point to approve such an alleged tender as the defendant claimed was sufficient. We find no error in refusing to submit the issue of a tender to the jury.

The fourth proposition presented is that the verdict is excessive. This contention cannot be sustained. As above stated, if the jury believed the plaintiff, the verdict is not excessive. No passion or prejudice is shown or even suggested.

The fifth specification of error is that counsel made improper argument. Aside from a general reference by case-made page, it is not stated how this prejudiced the defendant. We find no merit in this contention. The argument was addressed to the nature of payment for the bailment, and at the most was harmless error.

Finally we are asked to order a remittitur. Defendant cites in support of this argument Cosden Pipe Line Co. v. Seybold, 168 Okla. 36, 31 P. 2d 605,

which deals with the general power of a trial court or a court on appeal to order a remittitur. We find no ground for this suggested action, since the verdict is not excessive.

After reviewing the entire record and the somewhat exhaustive brief of the plaintiff in error, we are convinced that it was accorded a fair trial and that there is no reversible error presented.

Judgment affirmed.

CORN, V.C.J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur.