OKLAHOMA TRANSPORTATION CO. v. SEMINOLE LODGE NO. 430, I.O.O.F.

No. 33692. April 11, 1950.

*217 P. 2d 164.*

Richardson, Shartel, Cochran & Pruet and F. M. Dudley, all of Oklahoma City, for plaintiff in error.

Charles Sims, of Seminole, for defendant in error.

JOHNSON, J. On the 7th day of April, 1947, defendant in error, as plaintiff, instituted this action against plaintiff in error, as defendant, for the recovery of damages in the sum of $2,509.30 to personal property and to the building occupied by plaintiff. The cause was tried to a jury. After the trial court had overruled defendant's demurrer to plaintiff's evidence and motion for a directed verdict at the close of all the evidence, the jury returned a verdict of $1,250 for plaintiff, and judgment followed the verdict. Defendant appeals.

It is alleged in plaintiff's petition that from October, 1945, to March, 1946, plaintiff was a tenant on the second floor of a certain building in Seminole, Oklahoma, and that the defendant was the tenant on the first floor and exercised all control of said floor; that the defendant during said period maintained a steel oil barrel in an up-ended position partially filled with bricks and piped thereto was natural gas; that when this gas so piped into the barrel was ignited by the defendant and kept burning at odd times, there emitted therefrom a sooty, black, foul, greasy, smelly vapor, smoke and gas; that defendant allowed same to escape into the building and atmosphere and to penetrate the. premises occupied by plaintiff and come into contact with the personal property of the plaintiff used by plaintiff in its ceremonies, rituals and work, causing same to become irreparably blackened, dirty, smelly and of no further use or value; that immediately prior to the damage of said property it was of the value of $2,367.30.

Plaintiff further alleged that the same acts of negligence of defendant caused the interior portion of the building occupied by plaintiff to become black and dirty; that plaintiff was forced to spend $142 for paint and labor to put the walls of said building in the same condition they were before the negligent act of the defendant, and prayed judgment for $2,509.30.

For answer the defendant filed general denial, and further alleged that if the premises of plaintiff and its personal property were damaged, as alleged, the same resulted from a fire or fires ignited and burned by a person or persons unknown to defendant, who were trespassing upon the premises occupied by plaintiff in said building and who were not the agents, servants or employees of the defendant; that said fire or fires and the damages resulting therefrom, if any, were not under the control and management of defendant, and that the person or persons were not acting under or by the authority of the defendant, and defendant prayed that plaintiff take nothing.

Defendant asserts numerous assignments of error, but argues only two propositions.

The first proposition of defendant is that the trial court erred in permitting plaintiff to introduce in evidence the supply house catalogue prices prevailing during the years 1945-46 for new robes, hats, wigs, false whiskers, collars, sashes, American flags, window curtains and Venetian blinds.

The evidence was undisputed that this was used personal property, having been in use for about eight or nine years at the time the damage occurred, and that there was no fixed market value for such articles.

The measure of damages in an action for injury to used articles of personal property having no fixed market value is the value of the goods to the owner; not any fanciful value which the owner may place upon them, but such reasonable value as they had to the owner, considering the nature and condition of the goods and purposes for which they were adapted. O. K. Transfer & Storage Co. v. Neill et al., 59 Okla. 291, 159 P. 272, L. R. A. 1917A, 58; Mitchell et al. v. Wadsworth, 78 Okla. 125, 188 P. 1078; Joe Hodges Transfer & Storage Co. v. Keeffe, 189 Okla. 142, 115 P. 2d 251.

The defendant requested, and the court gave an instruction defining the measure of damages, in accord with the rule here announced and as found in the case last cited.

The record discloses that most of the property in question was regalia used by plaintiff in initiation ceremonies, consisting of robes, hats, wigs, false whiskers, collars, sashes, American flags, window curtains and Venetian blinds, and as used property had no market value. One of plaintiff's witnesses testified in substance that he had been a member of the lodge for many years; that he was familiar with the various items; that they had been used for eight or nine years and would be serviceable for 15 or 20 years. Another witness testified that he had been an active member in the local and state lodges for many years; that he knew the property in question and that it would last under ordinary conditions for 50 years; that there was no list price or market price for used lodge regalia. He testified as to all items which had been obtained locally (curtains, flags and blinds) from memory as to cost, but as to the value of regalia he was permitted over the objection of defendant to refer to catalogue list prices of companies selling these articles for the years 1945-46, covering the period of time when damages were alleged to have occurred; that by this means the total value of these items of property loss or damage was established at $2,367.30.

Defendant asserts that the admission of this evidence constituted reversible error. This contention is without merit. Title 23 O. S. A. §92: American Eagle Fire Insurance Co. v. Lively, 142 Okla.

246, 286 P. 797; Hartford Fire Ins. Co. v. Baker, 127 Okla. 166, 260 P. 6, 55 A. L. R. 796.

Plaintiff's second proposition is that the evidence was insufficient to prove damages, if any, sustained by plaintiff, and hence the court should have sustained (1) defendant's demurrer to the evidence, or (2) defendant's motion for a directed verdict and its contention that the verdict and judgment are contrary to the law and evidence.

If there was ample evidence to sustain the judgment, and no errors of law are found, then the verdict of the jury and judgment of the court based thereon must be sustained.

The defendant bus company was the tenant of the first floor of a building, and the plaintiff occupied the second floor of said building. The defendant used its part for the storage of their buses and plaintiff used theirs for a lodge hall. The defendant installed a home-made stove made from a fifty-five gallon steel oil barrel partially filled with bricks with the top cut out and a piece of iron pipe in the drum for a burner, which caused smoke, vapors and soot to be emitted during the winter of 1945-46 that permeated the premises of the plaintiff where it blackened, smoked, rotted and permanently ruined the property heretofore itemized, making it useless for the purposes for which it was adapted.

It is urged by defendant that since there was no proof of the original cost of the articles and the value of same to plaintiff that there was no basis on which to determine the value of the articles at the time of the alleged damage. This contention is not sustained by the authorities. It is true, however, that the jury may consider the cost new of articles of used personal property, and their use, and decrease in value by their use, in determining their reasonable value at the time of damage or destruction, deducting a reasonable sum for deterioration in value by reason of their use and damage,

and thereby arrive at the fair market value of such articles. Filson v. Territory of Oklahoma, 11 Okla. 351, 67 P. 473. But where, as in this case, the property had no market value, in arriving at the damages sustained resort may be had to any facts which fairly tend to show the actual value of the property at time of damage to the owner, and a permissible method of proof is by showing the cost of replacing the property, less any depreciation from age, use, utility or condition. Mitchell et al. v. Wadsworth, supra; Kennedy v. Treleaven, 103 Kan. 651, 175 P. 977; 15 Am. Jur., Damages, §125; 25 C. J. S. Damages, §157.

Measured by this rule the evidence was sufficient to establish the reasonable value to plaintiff of the various articles in question, and constituted a proper basis for the jury's verdict. There was no error in overruling defendant's demurrer to the evidence and motion for directed verdict. There being competent evidence to establish the damages alleged, the verdict not being excessive, the instructions having fairly stated the law of the case, and there being no substantial prejudicial error in the record, the judgment is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V. C. J., concurs in conclusion.