ST. LOUIS-SAN FRANCISCO RY. CO. v. KITTRELL.

No. 35173. Feb. 10, 1953.

Rehearing Denied March 3, 1953.

*253 P. 2d 1076.*

148

Satterfield, Franklin & Harmon, Oklahoma City, and W. L. Steger, Durant, for plaintiff in error.

Paul & McPheron, Durant, for defendant in error.

HALLEY, C. J. This action was brought by T. J. Kittrell as plaintiff to recover damages for injuries to certain machinery in an action against St. Louis-San Francisco Railway Company, a corporation, defendant. The parties will be referred to as they appeared in the trial court.

Plaintiff shipped five crates and one pasteboard carton of machinery from New York City to Durant, Oklahoma. The machinery arrived on a truck operated by defendant railway company, having been transferred from train to truck at St. Louis, Missouri, and was unloaded at the station at Durant. It was completely dismantled and disassembled. The machinery was repaired by a machine shop in Durant, Oklahoma. Plaintiff testified that the machinery was of a particular type limited to use for constructing hat blocks; that there were very few machines of this type made; that the machinery was second-hand, having been used by a man in New York; that he bought it from the widow of this man; that after the machinery was repaired it would not perform the functions for which it was intended; that although he was able to make hat blocks the machinery

was so damaged that it never did operate and function as intended. The principal reason for the damage to the machinery after the repair was the welding that had to be done thereon; that the permanent damage was due to the limited precision of the machinery. He further testified that all of the knives of the machinery were completely destroyed and had to be replaced; that the cost of the replacement of the knives was $300. The repair bill submitted by the machine shop and paid by him was $258.46.

Plaintiff in his petition sought $1,500 for permanent damages to the machines, $300 for the destruction of the knives which had to be replaced, $258.46 for repairs paid to the machine shop, and $891.54 damages for loss of business during the delay due to repair. The total amount sued for was $2,950. He testified that he was delayed three months in installing his machines for work and that he made approximately $200 per week in the ordinary course of business.

The cause was tried to a jury, which returned a verdict for $2,100. Defendant appeals from the judgment entered thereon.

It is first argued that it was error to allow evidence of permanent damages to the machinery. Plaintiff did not attempt to establish the reasonable market value of the machinery, but relied upon the peculiar value to him because the machinery could not be duplicated and because of the use to which it was put. The reasonable market value was not the issue. Plaintiff was not seeking to recover any part of the reasonable market value. The proof offered by plaintiff was of the permanent damage because the machinery could not be made to perform the duties for which it was originally intended. The evidence supports the finding that there was permanent damage to the machinery to the extent of $1,500. St. Louis & San Francisco Ry. Co. v. Dunham, 36 Okla. 724, 129 P. 862; Joe Hodges Trans-

fer & Storage Co. v. Keeffe, 189 Okla. 142, 115 P. 2d 251. In Oklahoma Transportation Co. v. Seminole Lodge No. 430, I.O.O.F., 202 Okla. 622, 217 P. 2d 164, it is stated:

"The measure of damages in an action for damages for loss or destruction of used articles of personal property having no fixed market value is the value of the goods to the owner; not any fanciful value which the owner might place upon them, but such reasonable value as they had to owner, considering the nature and condition of the goods and purposes for which they were adapted."

It is next argued that there was error in refusing to allow the defendant to prove the price plaintiff paid for the machines. Defendant offered in evidence the testimony by deposition of Mrs. Lee Cohan. The offer was refused. Defendant cites Thaw v. Town of Fairfield, 132 Conn. 173, 43 A. 2d 65, 160 A.L.R. 679, and Gouge v. Hoge, 203 Okla. 149, 218 P. 2d 1036. These cases are applicable in certain instances. They are not applicable in the case under consideration. The evidence discloses that by the nature of plaintiff's business the machinery had a peculiar value to him; that after it was repaired as stated above the value to him was the damage to the machinery caused by failure to place the machinery in the condition prior to the damage by shipment. There was no error in excluding this testimony.

It is next argued that it was error to submit the issue of damages due to delay in repairing the machinery for the reason that the defendant had no notice of the use to which the property was to be placed. The rule is stated as follows in St. Louis & S. F. Railway Co. v. Farmers' Union Gin Co., 34 Okla. 270, 125 P. 894:

"On the question of damage for delay in transportation of articles intended for special use in business, Hutchinson on Carriers (3rd Ed.) vol. 3, sec. 1369, says: 'If an article is intended for use in business at destination, and the carrier unreasonably delays its transportation, the owner cannot recover for the loss of its use during the delay, or the profits which he would thereby have made if it had been seasonably delivered, unless he alleges and proves that the carrier, at the time the contract for its transportation was made, was informed of the special use to which it was to be put. And proof that the carrier had knowledge of the general use to which the article was to be put will not be sufficient to charge him with liability for loss of its use or the profits which would thereby have been made. The special circumstances of the case requiring care or expedition must have been brought to his attention in such a way that his acceptance of the article under the circumstances could fairly be said to amount to an assumption of the risks which naturally and proximately would flow from his default. * * * '"

See, also, Alton Railroad Co. v. Oklahoma Furniture Mfg. Co., 190 Okla. 216, 122 P. 2d 152. The difficulty in applying the rule is to determine what evidence is sufficient to disclose notice. The fact situation in the case under discussion is more similar to that in St. Louis & S.F. Ry. Co. v. Farmers' Union Gin Co., supra, and we are of the opinion and hold that the evidence justified the submitting of this issue to the jury.

Certain objections are made to the amount allowed as payment for the knives which were totally destroyed. Defendant suggests that these knives were secondhand. Plaintiff testified, and it was undisputed, that the value of the knives was $300. Defendant also singles out certain items in the expense account submitted by the owner of the machine shop in the total of $258.46. There were no special interrogatories submitted to the jury and there is no way of determining whether all of the items presented in this account were allowed by the jury or some of them discounted.

This was purely a question of fact.

We find no error in the trial requiring a reversal.

**Judgment affirmed.**

CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. JOHNSON, V.C.J., and WELCH and DAVISON, JJ., dissent.