Robert Brink, J.
This is an action brought by the plaintiff, New York State Electric and Gas Corporation against the defendant Arthur B. Fischer. The liability of defendant was stipulated in order to permit a determination of the damages here involved. A trial on the issue of damages was held before the court without a jury pursuant to 3212, subd. (c) of the CPLR.
Plaintiff’s pole was damaged by defendant’s vehicle which skidded off the road striking the pole. The question before this court is the amount of damages recoverable.
Plaintiff seeks to recover $720.42. This amount does not include a credit for the depreciation already allowed over the life span of the damaged pole and wire apparatus. The damaged pole was installed in 1930 and the copper wire in 1928. The evidence disclosed on trial that the pole was depreciated 80% and the wire 48.8%. The percentage used was determined, according to Leon S. Evans, plaintiff’s chief plant accountant, by directly reading the percentage from a table which was furnished by the company. The percentages are based on a 26-year service life and negative salvage of 7.5% for the pole and a 35-year service life and a positive salvage of 25% for the conductors.
It is the defendant’s contention that to permit recovery without deducting the accrued depreciation of the damaged pole, an unjust enrichment would result to plaintiff, in that a new pole and wire attachments enhance the value of the capital asset over and above what it was prior to the accident.
The plaintiff argues that, as a matter of bookkeeping, it will be in no better position that it was prior to the damage to the pole, although depreciation on the original pole is not deducted from the amount of damages due. It contends, further, that since the value of the entire utility line 729 is not increased, that the value of the new pole to the company is likewise not increased.
The defendant relies on the case of Niagara Mohawk Power Corp. v. Smith (11 A D 2d 905) which modified and affirmed as modified a decision by Judge MoClttsky in the Supreme Court. This court is of the opinion that that decision is con *180 trolling in the instant case. There, Judge McClusky held in his unreported opinion that the proper measure of damages recoverable on similar facts was the total cost of reproduction of the pole less the accrued depreciation of the damaged pole. That this is a proper measure of damages for injury to personal property has been held in Appleton & Co. v. Zees-Wilkinson Co. (140 Misc. 653) and Barrington v. Offenbach (163 N. Y. S. 423). The fact that the plaintiff herein is a public utility and subject to the jurisdiction of the Public Service Commission should not affect this rule of damages. A tort-feasor should not be penalized because of the public character of the corporation which seeks to recover.
The plaintiff’s argument that, as a matter of bookkeeping, the company would be in no better position than prior to the accident, does not take into account the unjust enrichment to the company’s customers. Although an immediate credit to the capital account would not result in the company’s sustaining a double recovery, the defendant would be penalized by paying for a new asset part of which would have been paid for ultimately by the customers of the plaintiff had the accident not occurred. The fairer approach is for the defendant to pay the reproduction cost less the accrued depreciation of the old pole, and for that amount, less extraordinary expenses, to be depreciated over the life of the new pole. That amount, which would eventually be credited to the reserve for depreciation, would be considered in determining the rates to be charged to the customers of the company. Therefore, the ultimate full recovery to the company would result as well from payments by the customers of the company.
This would have been the result if the accident had not occurred. For when the remainder of the old pole had been fully depreciated, a new pole would have taken its place which would then have been paid for ultimately by the customers, through the rates charged. As a public utility, the public pays for the expenses of the company via the rates. Depreciation is, for bookkeeping purposes, an expense and is considered by the company in determining its rates. (Matter of Consolidated Edison Co. v. Maltbie, 300 N. Y. 196, 204, app. dsmd. 339 U. S. 973.)
Therefore, although the plaintiff has made out a reasonable case that it is in the .same position as a result of a full recovery, excluding depreciation, that it was in prior to the accident, this is not sufficient to permit full recovery as against the defendant herein. For although the company may not be *181 unjustly enriched, the burden on the defendant has been unjustly increased, and an unjust benefit accrues to the customers of the plaintiff.
An alteration in accounting procedure cannot change established principles of tort liability. The tort-feasor is liable for the value of the asset at the time of the damage. Any change in this liability resulting from bookkeeping methods is unwarranted.
This court is not convinced by plaintiff’s argument that the value of the entire line is not affected by the replacement of one of its parts. In theory, at least, when the life cycle of other poles in a line is complete, these poles too would be replaced. The presently replaced pole would not be discarded along with the others.
This court has considered the case of Southwestern Elec. Power Co. v. Canal Ins. Co. (121 So. 2d 769 [La.]) and disagrees with the reasoning therein.
The evidence supports the inclusion of the various items such as stores expense and overhead in the capital account. There is no evidence that the percentage of items used in plaintiff’s cost accounting system is inaccurate or unrealistic. Under these circumstances, the court is justified in accepting the allocation used in plaintiff’s accounting procedure.
Following the completion of the evidence, corrections in the figures of certain items have been called to the court’s attention and agreed upon by counsel for both parties, as a result of which the following figures have been established:

The plaintiff is granted judgment in the amount of $443.96. This amount is determined as follows: The cost of reproduction applicable to the wire account was $177.01. The percentage of depreciation was 48.8%, leaving a net of $90.63. The reproduction cost of the pole was $237.60. At the time of the accident the pole had depreciated 80%, leaving a net of $47.52. In addition, plaintiff is entitled to recover its extraordinary expense of $334.16, making a total of $472.31. Material salvaged by the plaintiff was valued at $28.35, leaving $443.76 recoverable damages for which plaintiff is entitled to a judgment together with interest and taxable costs.