■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, v. ARTHUR B. FISCHER, Respondent.—HERLIHY, J. The plaintiff appeals from a judgment and order awarding damages against the defendant, contending that the applicable measure of damages was the cost of replacing the pole and the wires (see 43 Misc 2d 178). The plaintiff was awarded partial summary judgment as to the negligence resulting in the destruction of a telephone pole and wires by a truck driver employed by the defendant. Thereafter, testimony was taken before Special Term as the result of which an award was made in the amount of $443.96, computed as follows: $334.16 was allowed for emergency expenses (crews to remove wires and pole from the road on the day of the accident, rerouting the wires to restore service, etc.) in accordance with testimony by an accountant of the plaintiff; $90.63 for the cost of the wires, based upon a present-day reproduction cost of wires at $177.01 less 48.8% depreciation; $47.52 for the cost of the pole, based upon a present-day reproduction cost of the pole at $237.60 less 80% depreciation and a refund allowance of salvage value of the property of $28.35. We are of the opinion that the rule of damages as established by the Special Term was correct. The rule seems to be settled in the State that as to damages to utility property, the basis for a recovery consists of the actual cost of emergency expenses together with the present-day cost of replacing the damaged or destroyed equipment, less accrued depreciation, and any allowance for salvage. (See *Niagara Mohawk Power Corp.* v. *Smith*, 11 A D 2d 905.) Judgment and order affirmed, with costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.