Shirley Lynn POLK, Plaintiff in Error,

v.

OKLAHOMA GAS AND ELECTRIC COM-
PANY, a Corporation, Defendant in Error.

No. 41128.

Supreme Court of Oklahoma.

Jan. 25, 1966.

Jake Hunt, Oklahoma City, for plaintiff
in error.

William H. Henderson and Houston W. Reeves, Oklahoma City, for defendant in error.

HALLEY, Chief Justice:

There is involved here a tort action for property damages. Parties will be referred to as they appeared in the trial court. On May 19, 1962 the defendant Shirley Lynn Polk was driving an automobile in a northerly direction on North May Avenue in Oklahoma City. At a point in the 6900 block on North May Avenue the defendant drove the automobile she was driving off the road in order to avoid striking a car traveling in front of her. She struck and damaged an electric pole owned and maintained by the plaintiff Oklahoma Gas and Electric Company as a part of its electric distribution system. In this action plaintiff seeks damages for the expense sustained in restoring the electric pole. A jury was waived and the cause was tried before the trial judge. The trial court entered judgment in favor of the plaintiff for the sum of $369.37. The case was tried in the trial court on both the questions of liability and the amount of damages. On appeal to this Court the defendant admits liability and challenges the judgment entered in the trial court solely on the amount of damages.

Plaintiff established by competent evidence items of damage as follows: broken electric pole $29.01; cross-arm $14.27; V-brace cross-arm $9.90; primary deadends $16.70; hauling material and men to scene of the accident $30.40; labor costs $290.14; total damages $390.42. The trial court deducted $23.04 from the above amount for the amortized loss of the pole and other material and entered judgment for $369.37.

■ Defendant contends that the trial court erred in including in the damage award the sum of $92.53 as overhead expense on the labor item. Such expense includes the fringe benefits on employee's salaries and other administrative costs. Defendant also contends that the remaining balance of $297.89 should be further depreciated 13/30 or $129.08, leaving a balance of $168.81.

Defendant cites the case of Oklahoma Transportation Co. v. Seminole-Lodge No. 430, 202 Okl. 622, 217 P.2d 164, wherein the Court considered the proper measure of damages to be adopted in assessing damages caused by smoke and vapor fumes to lodge regalia and equipment. The Court says,

"Where, as in this case, the property had no market value, in arriving at the damages sustained resort may be had to any facts which fairly tend to show the actual value of the property at time of damage to the owner, and a permissible method of proof is by showing the cost of replacing the property, less any depreciation from age, use, utility or condition."

The case does not hold it is compulsory for the triers of the facts to consider the depreciation factor in determining the amount of damages.

The rule to be applied in assessing damages to property which can be restored to its former condition is stated in Allied Hotels v. Barden, Okl., 389 P.2d 968, as follows:

"Where property can be repaired and substantially restored to its former condition, the measure of damages is the reasonable cost of repairing the damage or restoring the property to its former condition."

Although our Court apparently has not passed squarely upon the question of the application of the depreciation rule to damages sustained to component parts of an electric distribution system the question has been decided adversely to the contention of the defendant in the courts of last resort of several states.

In Southwestern Electric Power Co. v. Canal Insurance Co., La.App., 121 So.2d 769, the Court said:

"Electric power corporation, whose light pole was struck and broken by boom of waterwell rig which was being hauled on truck's trailer when truck attempted to turn corner, was entitled to recover its actual loss in wages and material, including labor in removing damaged pole and

by-passing lines around damaged pole, and be restored to same position it was in prior to accident, and was not restricted to recovery of depreciated value of pole, nor to depreciated value of pole plus amount of expenses occasioned, depreciated to same extent as pole was depreciated."

See also: New Jersey Power & Light Co. v. Mabee, 41 N.J. 439, 197 A.2d 194, and Carolina Power & Light v. Paul, 261 N.C. 710, 136 S.E.2d 103.

■ The overhead expense connected with the labor cost was properly allowed as an element of damage.

In the case of Baltimore and Ohio R. Co. v. Commercial Transport, Inc. (CCA, 7) 273 F.2d 447, the Court in the Syllabus said:

"Railroad whose property was damaged in crossing collision with truck and which repaired the damage itself could recover from the truck owner not only the direct expense involved in repair, but, the overhead expense as calculated on a formula utilized by railroads in charging one another for repairs."

An exerpt from the body of the opinion is as follows:

"The reasonable cost of the repairs made by plaintiff by its own employees is not limited to the dollar amount actually paid the workman and material suppliers. Such a limitation would ignore the facts of business life."

■ The award of the trial court is sustained by competent evidence and will not be disturbed by this Court on appeal. Camp v. Black Gold Petroleum Co., 195 Okl. 30, 154 P.2d 769; Sunshine Oil Co. v. Chantry, 186 Okl. 49, 96 P.2d 20.

Judgment of the trial court is affirmed.

JACKSON, V. C. J., and DAVISON, BLACKBIRD, BERRY and HODGES, JJ., concur.

WILLIAMS, IRWIN and LAVENDER, JJ., concur in result.