635 P.2d 1003

**PUBLIC SERVICE COMPANY OF NEW MEXICO, Plaintiff-Appellee,**

v.

**Candido JASSO, III, Defendant-Appellant.**

**No. 5018.**

Court of Appeals of New Mexico.

Oct. 8, 1981.

Stephen M. Williams, Tom Foy, Jr., Foy, Foy & Jollensten, Silver City, for defendant-appellant.

Roy G. Hill, Smalley & Hill, Deming, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Candido Jasso III negligently damaged a power pole owned by the Public Service Company (PNM). PNM billed Jasso for $424.00 for replacement of the pole. Included in the bill were percentage charges for fringe benefits and other overhead costs, which amounted to $42.00. Jasso admitted liability and paid certain of the damages assessed against him for destruction of the pole, but refused to pay the two claims for particular damages which are the subject of this appeal. When Jasso refused to pay the $42.00, PNM sued him in magistrate court and was awarded a judgment. Jasso appealed to the district court, which granted a de novo hearing. The district court awarded PNM a judgment for the $42.00, and it denied Jasso an offset for depreciation on the pole.

Jasso appeals the judgment of the district court, raising two issues: (1) whether he is liable for fringe benefits and other overhead charges, and (2) whether he should be allowed an offset for depreciation on the old pole. These issues constitute a matter of first impression in New Mexico, involving what damages are properly recoverable against a tort feasor who has damaged property of a public utility. We reverse.

The disputed charges were listed as:
Pensions and Insurance, % of labor
Illness, Injury, etc., % of labor
Holiday
Administrative and General.
We will refer to the first three charges as fringe benefits. In this case, the fringe benefits charges were not based on a percentage of the labor costs for this repair, but were based on a percentage of PNM's total work force. The general and administrative charge was calculated from PNM's overall operating expenses.

There is case law from other jurisdictions which allows similar charges as part of the measure of actual costs, if they are determined on a reasonable basis. *Curt's Trucking Co. v. City of Anchorage*, 578 P.2d 975 (Alaska 1978); *Polk v. Oklahoma Gas and Electric Company*, 410 P.2d 547 (Okl.1966); *New York State Electric and Gas Corp. v. Goettsche*, 48 Misc.2d 786, 265 N.Y.S.2d 809 (1965).

Other cases have disallowed these kinds of charges as damages on the basis that there is no reasonable connection between

the negligence of the defendant and the damages charged, *U. S. v. Denver & Rio Grande Western R. Co.*, 547 F.2d 1101 (10th Cir. 1977), or that the damages do not proximately result from the defendant's negligence. *Central Illinois Light Company v. Stenzel*, 44 Ill.App.2d 388, 195 N.E.2d 207 (1963) (The court in this case did allow charges for fringe benefits calculated on percentage of labor costs for repair crew used in particular repair, only; administrative and general charges disallowed.)

■ These considerations would be pertinent to the issues in this case if we determined that the disputed charges constituted a loss to PNM. However, there was no proof that the fringe benefits and other overhead expenses were incurred by PNM as a result of Jasso's negligence. To the contrary, there was undisputed evidence presented at trial to show that these expenses are included by PNM in the charges to its customers, the rate-payers. Because they are paid by PNM's rate-payers, these expenses cannot be·viewed as a loss to PNM. The theory of damages in New Mexico is to make an injured party whole, not to allow him a profit on damages. *Fredenburgh v. Allied Van Lines*, 79 N.M. 593, 446 P.2d 868 (1968); *Terrel v. Duke City Lumber Co.*, 86 N.M. 405, 524 P.2d 1021 (Ct.App. 1974); Committee Comment to N.M.U.J.I. Civ. 18.15, N.M.S.A. 1978 (1980 Repl. Pamph.). The fringe benefits and general and administrative charges are not appropriate elements of damages in this case, because they do not compensate PNM for any loss.

■ The same reasoning applies to the question of whether Jasso should be allowed an offset for depreciation on the pole he damaged. PNM installed the pole 27 years before Jasso damaged it. There was evidence at trial that PNM depreciated its poles over a 30-year period. PNM recovers the value of the pole by calculating depreciation into its rate base, paid by the rate-payers, and into its tax obligations.

By refusing Jasso an offset, the trial court allowed PNM to recover depreciation on the pole from both the rate-payers and from Jasso. Cases allowing depreciation include *New York State Electric and Gas Corp. v. Fischer*, 24 App.Div.2d 683, 261 N.Y.S.2d 310 (1965); *Central Illinois Light Company v. Stenzel. Contra, Polk v. Oklahoma Gas and Electric Company; Middle Tennessee Elect. Membership Corp. v. Barrett*, 56 Tenn.App. 660, 410 S.W.2d 914 (1966).

Jasso is entitled to an offset for depreciation on the pole he damaged, to be determined by computing the depreciation recovered by PNM over the 27 years since the pole was originally installed.

We reverse and remand to the district court for entry of judgment consistent with this opinion. Appeal costs are to be paid by PNM.

WALTERS and DONNELLY, JJ., concur.