■ STATE OF NEW YORK, Appellant, v EDWARD SOSSEI et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Hughes, J.), entered February 24, 1988 in Albany County, which denied plaintiff's motion to dismiss the affirmative defense of setoff for depreciation and salvage asserted in defendants' answer.

The issue on this appeal concerns the measure of damages in plaintiff's action to recover for the damage caused to its guardrails due to defendants' negligence in the operation of a tractor trailer on Interstate Route 88 in Otsego County. Plaintiff contends that it is entitled to recover the entire cost of repairing the guardrails. Defendants contend that they are entitled to a setoff for depreciation and salvage. We agree with plaintiff that depreciation is not available as a setoff.

It is defendants' claim that plaintiff should not benefit by having a new guardrail in place of the old one at defendants' expense. Defendants cite to *New York State Elec. & Gas Corp. v Fischer* (24 AD2d 683, *lv denied* 17 NY2d 417), also cited by Supreme Court, where we concluded that "as to damages to utility property, the basis for a recovery consists of the actual cost of emergency expenses together with the present-day cost of replacing the damaged or destroyed equipment, less accrued depreciation, and any allowance for salvage". We find this principle inapplicable to the case at bar for two reasons. First, the highway was constructed and maintained for the public benefit; it brings no cash return from which plaintiff can recoup its depreciated value. Utilities, however, recover the depreciated value of their equipment through their rates *(cf., New York State Thruway Auth. v State of New York,* 22 NY2d 509, 525). Second, defendants' argument is premised upon a misconception of the nature of the injury to plaintiff's property. Unlike *New York State Elec. & Gas Corp.* where the damaged property—a utility pole and its attachments—had to be replaced, the damaged property herein—guardrails on both sides of the highway—was repaired. In particular, the section of damaged box beam guardrailing on the south side of the highway was restored to useful condition by straightening several of the bent posts and replacing several others, and by bending the box beam rail back into place and reattaching it to the posts. On the opposite side of the highway, the damaged cable guardrailing was repaired by replacing the bent posts and reattaching the cables. In these circumstances, the entire cost of the repairs is an appropriate measure of damages *(see, New York State Thruway Auth. v Civetta Constr. Corp.,* 62 AD2d 530; *see also, Parish v Baird,* 160 NY 302, 307; *cf., Bidelman v State of New York,* 110 NY 232, 236-237).

This is not a case where plaintiff is seeking to recover the entire cost of replacing damaged property, which is old and worn and nearing the end of its useful life, with a new and modern design *(see, Brooklyn Waterfront Term. Corp. v International Term. Operating Co.,* 211 F Supp 702, *affd* 311 F2d

221). Rather, plaintiff seeks to recover the cost of restoring its property to the condition it was in before defendants' vehicle damaged it. The mere fact that plaintiff was required to use a few new replacement parts in effectuating the repairs should not affect its entitlement to a full recovery of the reasonable cost of the repairs.

We agree with defendants, however, that they are entitled to a setoff for the salvage value, if any, of the posts and other parts which were replaced. Plaintiff's contention that the parts were scrap, having only nominal value, is a matter of proof, not an appropriate objection at the pleading stage. Consequently, the order should be modified by granting plaintiff's motion to dismiss the affirmative defense insofar as it seeks a setoff for depreciation.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to dismiss the affirmative defense insofar as it seeks a setoff for depreciation; motion granted to that extent; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.